Nov. Term,
1861.     STEWART, GUARDIAN OF STEWART, *v.* RINKER, GUARDIAN OF

STEWART                      RINKER.
v.
RINKER.    *A.* died in 1847, testate, leaving a widow and children. By his will, he
directed that all his real and personal estate should remain in the hands
of his wife, until his youngest child should become of age, in trust for
the support and education of his children; and that when his children
should all have arrived at the age of twenty-one years, an equal division
should be made among them of what might remain undisposed of. The
will expressly reserved to the widow "all the rights given her by law."
In 1853, the widow intermarried with one *B.*, and took with her to his
house the personal property she had received under the will of her first
husband. In 1858, *B.* died, leaving his widow surviving, and still charged
with the trusts under the will of *A.*, one of his children not having
attained his majority. Suit by the widow against the estate of *B.*, to
recover the value of the personal property which belonged to her in trust
for *A.'s* children, under the will of her first husband.

*Held*, that the widow of *A.* was entitled, as her statutory rights, reserved
to her by the will, to take $150 of the personal property, and such
distributive share of the remainder as the statute gave her, (in addition
to the use of one third of the real estate,) which she could dispose of as
she pleased.

*Held*, also, that she had a right, under the will, to occupy the remaining
two thirds of the real estate, jointly with the children, and to possess
and use the personal property in the cultivation of the real, and to expend
the income for the education and support of the children; the surplus,
if any, being added to the stock, for the use of the children.

*Held*, also, that she would not be accountable for such of the personal
property as should be lost, destroyed or consumed in the using, at least,
where reasonable care was exercised by her.

*Held*, also, that if the portion which the widow was entitled to take in her
own right, was not separated from that which she held in trust for her
children until the time fixed for the final distribution, she would take in
the same proportion, including the increase and income derived from the
whole.

Friday,          APPEAL from the *Morgan* Common Pleas.
December 6.
PERKINS, J.—*Joseph Hiatt* died in 1847, testate, leaving
a widow and children. His will contained the following
provision:

"I direct that all my real and personal estate, (after pay-
ment of debts), shall remain in the hands of my wife (widow)
*Lucinda Hiatt*, until such time as my youngest child that

may be living, shall arrive at the age of twenty-one years, to remain in her hands, in trust for the supporting and educating of my children. I further direct, that when all my children shall have arrived at the age of twenty-one years, then an equal division shall be made among all of my children, share and share alike, of whatever may remain unexpended for the purposes above named, reserving to my wife all her rights given her by law." See *Rumsey* v. *Durham*, 5 Ind. 71.

Nov. Term, 1861.

STEWART v. RINKER.

*Hiatt* owned at his death one hundred and sixty acres of land, with a dwelling-house and other improvements thereon, and personal property of the value of about eight hundred dollars. These items of property, under the will, went into the possession of the widow, who, with the children, remained in possession till 1853, when she married *Levi Rinker*, and removed with her family to his residence. She also took with her, on the removal, the personal property of which she was in possession.

*Levi Rinker* died in 1858, leaving his wife, the former widow of *Hiatt*, still surviving, and still charged with the trusts of *Hiatt's* will, as one of his children was yet under the age of twenty-one years; and this suit was instituted by her, against the estate of *Levi Rinker*, to recover from that estate the property, or its value, which belonged to her under the will of *Hiatt*, as a trustee for his children; and the question is, what had she a right to recover? This question must be answered by determining what her rights were under the will.

And in proceeding with the investigation, necessarily preliminary to making the determination, we may lay out of view the fact of her marriage with *Rinker;* for that marriage neither increased nor diminished her rights, under the will of *Hiatt;* though it may occasion a little difficulty in placing her in possession of those exact rights.

It may be remarked, then, in the first place, that the will does not make a provision for the widow, in lieu of dower. It gives her nothing in absolute property, and attempts to take nothing away from her. It leaves her, in express terms, her statutory rights; but it also vests in her, the right of

using, for their benefit, for a given period of time, the portion of the estate of the deceased which belonged to his heirs, being, in this case, his children.

Suppose, then, that the widow had not again married, but had continued to reside with the children upon the homestead, the personal property, consisting of stock, such as horses, cattle, hogs and farming utensils, household furniture, &c., remaining also upon it, what were her rights under the will? They were of two descriptions, viz., absolute and fiduciary.

1. She had a right to take one hundred and fifty dollars' worth of the personal property, and such distributive share of the remainder as the statute gave her; and, in addition, the use of one third of the real estate. These, she might have had set off to her, in separate property and possession, and might have disposed of them by sale or gift, as to her seemed meet, or invested them in real estate or other property.

2. She had a right to occupy the remaining two thirds of the real estate, with the children, and possess and use the personal, in the cultivation and enjoyment of the real, paying no rent, (as the property was to be a common home for both), and to expend the entire income, after paying expenses of cultivation, for the education and support of the children remaining with her, or under her care, if she deemed it necessary; but if she did not expend it all, the surplus would accrue for the benefit of the children in the final division. She would not be accountable for such of the personal property as should be lost, destroyed, or consumed in the using, at least, where she had used reasonable care in the premises; and would only be called upon to divide, when the time for division arrived, such as actually then existed, with unconsumed income, or increase thereof. See, as to the right of the heirs to have required security from her, Story's Eq. Jur., § 604, p. 662.

But suppose no separation of the widow's portion was made, and it was kept and occupied, and used in common with that belonging to the heirs, then, on the final division, she would be entitled to take in the same

proportion, including the increase and income derived from the whole.

These rules would have been of easy application had the widow not married *Rinker*. But having done so, and removed both her share, and the children's, to his residence, where they perhaps became mingled with his property, it is not so easy to ascertain what is actually left of the *Hiatt* estate, belonging to the heirs; this portion being all that is in question in this suit. She sues, in the case at bar, for the portion belonging to the children. Her own third she may have given absolutely to her husband, *Rinker*, so that they are not separable from his estate; but this question will come up when she sues the estate for her separate absolute property.

Her marriage and removal, as above mentioned, also render it somewhat difficult to ascertain how much of the *Hiatt* property and income was appropriated, and how much of *Rinker's*, to the support and education of the *Hiatt* children, as a separate account does not appear to have been kept.

But enough appears of record, to show that the Court below was not governed by correct rules, in all its calculations for the adjustment it made, and that a new investigation should take place; which, guided by the principles here laid down, as believed to be correct, may probably approximate to a just result.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*W. R. Harrison*, for the appellant.

*W. V. Burns*, for the appellee.