STEWART, Guardian of RINKER, *v.* RINKER, Guardian of HIATT.

FRAZER, J.—This case has been here before, and is reported in 17 Ind. 264. It was a claim filed against the estate of *Levi Rinker*, by the appellee, as guardian of the children of one *Joseph Hiatt*, who died testate in 1849. The appellee was the widow of *Hiatt*, and, in 1853, married *Rinker*, now also deceased. The claim is for money and property which it is alleged she held in her fiduciary capacity, and which, after her marriage with *Rinker*, came into his possession. *Hiatt*, by his last will, constituted the appellee guardian of his children, and directed that after the payment of his debts, &c., all his estate should remain in her hands, for the support and education of the family,

until the youngest child should arrive at age, and that an equal division of what remained should then be made among them. But the will also reserved to the widow "all her rights given her by law." No separation was ever made of her portion from that of her children, and by good management the aggregate was greatly increased. It was this property, thus held undivided, which came into the possession of *Rinker*, and for the portion belonging to the *Hiatt* children the claim in contest was filed. The youngest child is not yet of age. There was a judgment against the estate for $500.

When the case was formerly before this court, some pains were taken to enunciate the principles which ought to govern the court below upon the new trial which was then directed. That court seems to have been guided, upon the last trial, by the opinion then pronounced here. We think, however, for reasons hereafter to be given, that the finding and judgment are too small upon the evidence which was admitted. Some legal questions are very thoroughly discussed by counsel which, it seems to us, do not arise upon the record, and therefore we forego this occasion of expressing an opinion upon them. After the marriage of the appellee with *Rinker*, it is clearly shown that her interests and his were kept separate. He recognized his liability for whatever came into his hands belonging to the *Hiatt* children, at least, assisted his wife in managing their estate, and made payments on account of it. It is clear that she did not give him the property estimated by the court in making the finding, as is argued for the appellant, though it is equally clear that she did give him some property. But the court refused to receive evidence showing items, and amounts of personal goods, being the trust property left the plaintiff by the will of *Hiatt*, delivered by the plaintiff, before her marriage with *Rinker*, to three of the *Hiatt* children who had arrived at age and married. It was proposed thus to prove that each of them had received articles worth $150, or $450 in

the aggregate. It must be taken that these were advances made upon the shares which will be due these children at the time of making distribution among them, when the youngest of the family shall reach full age. Now, if these advances had been made, the share of the widow in the balance would bear a greater proportion to the whole balance than if no such advances had been made, and, consequently, the recovery in the case would have been less, for the claim is only for so much in the possession of *Rinker,* unaccounted for, as the claimant held in her fiduciary capacity.

To make the point so clear that there may be no misapprehension, we will, upon a supposed state of facts, indicate how a right judgment would be reached. Suppose *Hiatt's* whole personal estate, less debts and expenses of settlement, to have been, with the increase and accumulations, $1,350. The widow's absolute allowance was $150, to which must be added one-third of the balance, $450, making the widow's share, $550. There would remain for the children's share $800, from which must be deducted the amount advanced before the widow's marriage, $450, making the balance of the children's share $350. So that if *Rinker's* estate had received from the claimant $900 above all payments on account of it, supposing such payments to have been on account of the fiduciary estate and of the widow, in the proportion that the fiduciary estate bore to her share, the judgment should be for $350; but by excluding the advances from consideration, it would be $500. But there was, the evidence discloses, $400 of the property jointly held which the widow gave to *Oliver Rinker,* as particularly described in the opinion of this court in *Rinker* v. *Rinker,* 20 Ind. 185. This must be chargeable to her individual share of the property, and lessens her proportion of the property which came to *Rinker's* hands to a much greater extent than it would be increased by the advances, the proof of which was rejected. As the court below evidently did not give that effect to it by its finding, it follows that,

upon the whole case, the judgment is for a trifle less than it ought to have been, if the evidence of the defendant, which was erroneously excluded, had been admitted, and consequently that the case ought not to be reversed on the application of the defendant.

It may aid to prevent future litigation in the matter to express the opinion, in which we are clear, that the judgment in this case will bar any further claim against the estate of *Rinker*, by, or in behalf of, the *Hiatt* children, on account of trust property received by *Rinker*.

The judgment is affirmed, with costs.

*W. R. Harrison*, for appellant.

*Buskirk & Glessner*, for appellee.