Denman *v.* McMahin, Adm'r.

---

## DENMAN *v.* McMAHIN, ADMINISTRATOR.

37  241
124  236
37  241
135  675

37  241
f169  324

IMMATERIAL ERROR.—Where the action is to recover a money judgment, and there is a finding for the defendant, the case will not be reversed because an answer in set-off is defective, when the amount claimed in the set-off is so small that the finding for the defendant could not have been upon that answer.

PRACTICE.—*Duplicity not Demurrable.*—Duplicity in a pleading cannot be presented by a demurrer.

SAME.—*Grounds for New Trial.*—The rulings of a court upon matters of pleading are not causes for a new trial.

EVIDENCE.—*Admissions.*—The admissions of a party may be given in evidence against him, whether connected with any act done or not. These declarations cannot be introduced in his favor.

SAME.—*Proof in Part.*—Where it is necessary for the defendant to show the payment of taxes by him, the admission of a tax receipt is proper, although it does not show who paid the money, as this proof may be supplied by other evidence.

EXECUTORY PROMISE. — *Consideration.* — *Advancement.* — The promise of a father to give up to his son certain notes executed by the latter to the former

is a promise which natural love and affection is not a sufficient consideration to support. Nor can it be supported as an advancement of the sum for which the notes were taken from the son.

EVIDENCE.—*Admissions.*—Admissions are not regarded as the strongest and most satisfactory evidence.

EXECUTORY PROMISE.—*Estoppel.*—When a father loans money to his son and takes his note for the same, his oral declaration that he will not collect the same, but let the son have it at his death, does not change the transaction into an advancement which the father cannot recall.

PRACTICE.—*Interrogatories.*—Interrogatories to a jury should be relevant to the matter in controversy.

APPEAL from the Montgomery Common Pleas.

DOWNEY, J.—The appellant filed a claim, consisting of two promissory notes, payable in American gold, against the estate of Moses H. Denman, his deceased son. The administrator answered, first, the general denial, which was afterward withdrawn; second, that the amount of money mentioned in the notes, five hundred dollars, was paid to the deceased by his father as an advancement under an agreement, then made, that the deceased should pay the taxes of the plaintiff on the amount of the notes, and that the note should not be collected, but should, at the death of the plaintiff, be the property of the deceased; that the deceased accordingly paid the taxes during his lifetime, and his administrator was ready still to pay them; that since the contract was made, February, 1857, the plaintiff has become so impaired in mind that he is incapable of business; and that this suit is being prosecuted without his knowledge or consent; third, set-off for forty-four dollars and fifteen cents; fourth, that subsequent to the giving of the notes, the plaintiff agreed with the deceased that he would not require him to pay them, that all he would require of him was to pay to him whatever amount would be necessary to pay the taxes that might be assessed on said amount from year to year during the lifetime of said plaintiff, and that at his death the said notes should not be collected, but should belong to the deceased, and be received as so much of said plaintiff's estate, to which said deceased would be entitled as one of

Denman *v.* McMahin, Adm'r.

his children; that deceased had paid said taxes during his lifetime, for said plaintiff, from the date of said note until the year 1869, was ready and willing to carry out his contract at his decease, and said administrator is still ready to do so.

Separate demurrers to the third and fourth paragraphs of the answer were overruled, and the plaintiff excepted.

Reply by way of traverse. Trial by jury. General verdict for the defendant, and special findings, as follows:

1st. Did the plaintiff loan the deceased, Moses H. Denman, five hundred dollars in American gold at the date of these notes in controversy, and take these notes to secure the payment thereof? Answer. Yes.

2d. Did the plaintiff enter into any contract subsequent to the execution of the notes in suit which was binding on him to discharge the defendant from payment of the same? Answer. Yes.

3d. If any such contract was made, when was it? Answer. In August, 1868, and several times subsequently.

The plaintiff moved the court for a new trial, for reasons which will be hereafter noticed, which motion was overruled, and he excepted, and put the evidence in the record by bill of exceptions.

The errors assigned are, first, that the court erred in overruling the plaintiff's demurrers to the third and fourth paragraphs of the answer; and, second, in refusing to grant a new trial.

The third paragraph of the answer was a set-off for an amount so much less than the amount of the plaintiff's claim, that the jury could not have found for the defendant on that paragraph. For this reason, notwithstanding we regard the paragraph as substantially defective, we cannot reverse the judgment.

The fourth paragraph sets up an alleged contract between the plaintiff and the deceased, made subsequent to the making of the notes, and alleges performance of that contract during the lifetime of the deceased, and readiness on the

part of the administrator to complete the same. Two objections are urged in the demurrer to this paragraph; first, that it does not state facts sufficient to constitute a defence; and, second, that it contains two distinct causes of defence. The objection based on alleged duplicity could not be raised by demurrer. *Rielay* v. *Whitcher*, 18 Ind. 458, and case cited. The other objection we need not decide, as the case must be reversed on other grounds, and the answer can be amended.

The first and second reasons assigned for a new trial relate to the action of the court on the demurrers to the paragraphs of the answer. These are no reasons for a new trial.

The third reason is, that the court improperly admitted in evidence the statements of the plaintiff, concerning the notes, unconnected with any act. There is no ground for this objection. The admissions of a party are evidence against him, whether made in connection with an act done or not.

The ninth reason is, that the court refused to allow the plaintiff to prove the declarations of Moses H. Denman, the deceased, made subsequent to the execution and delivery of the notes, and prior to August, 1868, which were offered to prove that the deceased recognized the notes as being a debt he owed, and did not claim the amount secured by them as an advancement. We cannot see any ground on which this ruling can be sustained. One or more of the defendant's witnesses had testified to a conversation by the plaintiff in August, 1868, in which he said that he never intended to collect the notes. But this was no reason for excluding all evidence to the contrary. Under the issue formed by the second paragraph of the answer, which was passed by as sufficient, without being demurred to, and the denial thereof, this proposed evidence was important to the plaintiff, and should have been admitted.

The twelfth reason is the refusal of the court to allow the plaintiff to prove his own statements to the effect that the deceased owed him the amount which the notes called for, and that he was anxious to get the money. There was no error in this. A party cannot, as a general rule, prove his

own statements as evidence for himself. *Scobey* v. *Armington*, 5 Ind. 514.

The thirteenth reason is the admission of the evidence of Wesley Rountree, who testified that in 1865 the plaintiff told him that some years before he had let the deceased have some money, he thought six hundred and sixty dollars; and that he had told Moses that all the interest he would charge him was to pay the taxes on it, and that it would all belong to him some day, anyhow. It seems to us that this evidence had a tendency to prove the matters set up in the answer, and that it was properly admitted.

The fourteenth reason is the admission of a tax receipt as evidence of the payment of the taxes of the plaintiff. This receipt does not show that the taxes were paid by the deceased, but it shows that they were paid, and other evidence might show that they were paid by the deceased. It was part of the defendant's case to show the payment of the taxes. The genuineness of the receipt was not questioned. It was properly admitted.

The fourth reason relates to the correctness of the first, second, third, fourth, and fifth instructions given by the court at the request of the defendant. We see no objection to the fourth instruction. The first, second, third, and fifth are as follows:

"1. Natural love and affection is a good consideration for a promise or agreement from father to child.

"2. If the jury believe that after the execution of the notes in controversy, the said plaintiff determined to permit the said Moses H. Denman to retain the said money, and that he, said plaintiff, never intended to collect the same while he lived, and so told him, and that after his death the same should be his, the same was an advancement to his said son, and cannot be recovered back in this action.

"3. If the jury believe that the said plaintiff told his son, Moses, that he never intended to collect the said notes, and that he would give up the notes to him whenever he should

call for them, the same is evidence of a gift, and the said plaintiff cannot afterward collect the same.

"5    Declarations of a person made against his own interest are to be taken most strongly against him, and are regarded the strongest kind of evidence."

We think the first instruction, when applied to the facts of the case, erroneous.

The intention or promise of the father to give up the notes to the deceased, his son, was executory, and natural love and affection are not a sufficient consideration in such a case, whatever may be the case as to executed contracts.

We think that the second instruction was also wrong. Had the notes been delivered to the deceased by his father, the case might fall within the rule in the case of *Sherman* v. *Sherman*, 3 Ind. 337.

The third instruction cannot be sustained.    To make a valid gift, either *causa mortis* or *inter vivos*, there must be a delivery.    2 Kent Com. 438; *Stewart* v. *Rinker*, 24 Ind. 465.

The fifth instruction should not have been given.    The evidence to which the instruction related was simply proof of admissions of the plaintiff.    Admissions are not regarded as the strongest or most satisfactory kind of evidence. *Chandler* v. *Schoonover*, 14 Ind. 324.

The fifth reason for a new trial is, that the court erred in refusing to give instructions four and eight asked by the plaintiff.    The fourth instruction was given with a slight modification, which, we think, did not materially change it. The eighth, we think, was properly refused.

The sixth reason for a new trial is, that the court erred in giving, on its own motion, instructions one, two, three and four.    The first was as follows: "Although a father may loan to his son a sum of money, and take his note as evidence of the same, he may, by oral declarations, change the indebtedness into an advancement, but this declaration must be made to the son, and be assented to by him; then it becomes an advancement which the father cannot revoke.    Evidence of

such facts should be very clear and satisfactory, as evidence of oral declarations are always to be received with great caution, for reasons heretofore assigned in these instructions."

We are of the opinion that this instruction cannot be sustained. It gives an effect to mere "oral declarations" which we think they cannot have. Wholly unconnected with any act on the part of the plaintiff, or any contract between him and the deceased, they could not have the effect claimed for them. The latter part of the second charge is of a doubtful character. The third seems to be correct. There is no fourth in the record.

The seventh reason for a new trial is the refusal to submit certain interrogatories to the jury, as asked by the plaintiff, to be answered if they found a general verdict, as follows: first, did the plaintiff loan the deceased, Moses H. Denman, five hundred dollars in money at the date of the notes in controversy, and take these notes to secure the repayment thereof? second, are these notes made payable in American gold? third, did the plaintiff do any act that would discharge the defendant from the payment of said notes in American gold? if so, what act was it? and when did he do it? fourth, what amount is due as principal and interest upon these notes in controversy, after deducting the credits to which defendant is entitled?

Instead of submitting these interrogatories, the court submitted those above set out and answered by the jury.

The first interrogatory asked seems to us to have been unnecessary. There was no dispute about the notes having been given for the loan of the amount in American gold, and the general denial had been withdrawn.

The second was wholly useless. The notes, on their face, were payable in American gold. What necessity, then, for a special finding on that point?

The third interrogatory, as to whether the plaintiff did any act, etc., ought not to have been given to the jury. The question was whether the act was done which was alleged in the pleadings, and not some other act. Inter-

rogatories ought to relate to the questions involved in the issues. They should be "relevant to the matter in controversy." Sec. 303, 2 G. & H. 189.

The fourth might properly have been submitted, but it was the duty of the jury, without any interrogatory, to find the amount due, and as they did not find for the plaintiff, he was not, at all events, harmed by the refusal to give it.

The eighth reason for a new trial is the action of the court in submitting to the jury the interrogatories, which they answered.

The first was useless and harmless.

The second should not have been given to the jury. The answer to it decides nothing in the case. "Did the plaintiff enter into any contract?" A particular contract had been alleged in the answer, and it would have been pertinent if the question had been so framed as to require the jury to find whether that contract was made or not. But by their answer to this interrogatory, it cannot be known whether they, by answering "yes," found that the contract alleged had been made or not.

The third was immaterial, and for the same reason should not have been propounded.

The tenth reason for a new trial is that the verdict of the jury is contrary to law, and the eleventh is that it is not sustained by sufficient evidence. We need not express any opinion on these questions, as the case must go back for another trial.

The judgment is reversed, with costs, and the cause remanded.

*J. Buchanan, M. D. White,* and *T. Patterson,* for appellant.
*J. M. Butler,* for appellee.