PEABODY, GUARDIAN, *v.* PEABODY ET UX.

ADVANCEMENT.—*Promissory Note and Mortgage Given as Evidence of.—Action on.—Defence.—Pleading.—Demurrer to Evidence.*—In an action on a promissory note, and to foreclose a mortgage on real estate securing the same,

brought by the guardian of the payee and mortgagee, an insane person, against the maker, the latter answered, that, during the sanity of the mortgagee, who was his mother, she had delivered to him the sum called for by such note, to relieve him from financial distress, and as an advancement to him out of her estate, but that, to satisfy her other children, as she stated, she procured him to execute the instruments in suit, simply as evidence of such advancement, promising that such mortgage should never be recorded; that such instruments, immediately upon their execution, were by her delivered to the defendant, and had ever since, and still, remained in his possession, except that, after she became insane, the mortgage was surreptitiously taken from his possession, and recorded.

*Held,* on demurrer to the answer, and to the evidence of the defendant, which tended to sustain the allegations of the answer, that the note and mortgage were mere evidence of an advancement, and can not be recovered upon.

From the Switzerland Circuit Court.

*J. A. Works, J. D. Works* and *J. A. Works, Jr.,* for appellant. *W. H. Adkinson* and *W. D. Ward,* for appellees.

Howk, J.—In this action the appellant, Benjamin F. Peabody, guardian of Sarah Peabody, as plaintiff, sued the appellees, as defendants, in the court below.

In his complaint, the appellant alleged, in substance, that on the 27th day of March, 1871, the appellee Francis Peabody executed his note to the appellant's said ward for one thousand dollars, with ten per cent. interest from February 1st, 1871, and payable on February 1st, 1872; that, on said first named day, said appellee and his co-appellee Sarah J. Peabody executed to appellant's said ward their mortgage on the real estate therein described (a copy of which was filed with, and made part of, said complaint,) to secure the payment of said note, when it became due; and the appellant alleged, that he could not set out a copy of said note, nor give a fuller description thereof, for the reason that the same was in the hands of the appellee Francis Peabody, who refused to deliver the same to the appellant, although requested so to do; and that said note was then due and unpaid to the amount of two thousand dollars.   Wherefore, etc.

The appellees answered in four paragraphs, to the second and third of which paragraphs the appellant's demurrers were sustained.

The first paragraph of said answer was a general denial.

In the fourth paragraph of their answer, the appellees alleged, in substance, that, prior to the execution of the note and mortgage sued on, the appellee Francis Peabody became largely indebted, and was so unfortunate as to become deranged in his mind, and was in consequence put under guardianship, and sent to the Insane Asylum at Indianapolis; that afterward, on the — day of ———, 1871, he was, by the court of common pleas of Switzerland county, declared sane, and placed in the management and control of his estate; that, in consequence of his said misfortunes, his affairs had become more embarrassed, and his indebtedness was likely to sweep away the real estate described in the mortgage set out in the appellant's complaint, and which was the only house the appellees then possessed, except about forty acres of wild land in Iowa; that the appellant's ward was the mother of the appellee Francis Peabody, and, at the time said note and mortgage were executed, was of sound mind; that the appellant's ward, wishing to provide and save a home for the appellees, borrowed one thousand dollars, and paid off the indebtedness of the appellee Francis, and told him and other persons that she never intended to collect said sum of one thousand dollars from him, but intended the same as and for an advancement of that much to him out of her estate, and that she only wanted the appellees to execute said note and mortgage to satisfy her other children, and that she would never enforce the collection of said sum, nor foreclose said mortgage; that, immediately after the execution of said note and mortgage, the appellant's ward told the appellee Francis, and others in his presence, that she had taken said note and mortgage merely to satisfy her other children, and for the purpose

of a check on said appellee, to prevent him from selling said real estate, and to cause him to reside on the same and make it his permanent home; that she knew, from the circumstances and condition of said appellee, that he would never be able to pay said sum evidenced by said note, and did not expect him to do so, and that she never intended to collect the same, or in any way to enforce the collection of said indebtedness against the appellees, but that she intended the same as an advancement of that much of her estate to the appellee Francis, and that said sum, after her death, in the distribution and final settlement of her estate, should be charged as an advancement against said appellee, and that she never intended to have said mortgage put upon record, and that she did, immediately after said note and mortgage were executed, give the amount thereby called for to said appellee Francis, as and for an advancement of that much of her estate to him; that the appellees assented to said conditions, and accepted said sum as and for such an advancement, and, in consideration thereof, agreed to continue to reside on said real estate, and not sell the same, but make it their permanent home, and that they had in all things complied with the conditions upon which said advancement was made; that, immediately after said note and mortgage were executed, the appellant's ward placed them in the possession of the appellees, and that the same had ever since remained in their possession, with the exception of said mortgage, which was surreptitiously taken from their possession and put upon record, and that said mortgage was afterward returned to them by the appellant's ward, and that said note and mortgage are now rightfully in their possession; that the appellant's ward, so long as she retained her mental faculties, remained entirely satisfied with said advancement, and told divers persons that said sum had been given to the appellee Francis as an advancement, and that she had never revoked nor cancelled said advancement; and that, at

the time the said note and mortgage were executed, and said advancement made, the appellant's ward was the owner of personal and real estate of the value of six thousand dollars. Wherefore the appellees said, that the appellant ought not to maintain his said action, and they demanded judgment.

The appellant demurred to this fourth paragraph of answer, for the alleged insufficiency of the facts therein stated to constitute a defence to his action, which demurrer was overruled, and to this decision he excepted.

The appellant then replied in two paragraphs to said fourth paragraph of answer, in substance, as follows:

1. A general denial;

2. That, if any such contract or arrangement, as was set out in said fourth paragraph of answer, was entered into, by and between the appellant's ward and the appellees, or either of them, his said ward was at the time of unsound mind.

The issues joined were submitted to a jury for trial; and, after the appellees had introduced their evidence, the appellant demurred thereto, and the appellees joined in said demurrer, and thereupon the cause was withdrawn from the jury, and they were discharged. The court below overruled the appellant's demurrer to appellees' evidence, and to this decision the appellant excepted, and the court rendered judgment on said demurrer, in favor of the appellees and against the appellant, for the costs of suit.

In this court, the appellant has assigned, as errors, the following decisions of the court below:

1st. In overruling his demurrer to the fourth paragraph of appellees' answer;

2d. In overruling his demurrer to the appellees' evidence.

It seems to us, that these two errors may well be considered together. We need not set out the appellees' evidence in this opinion; but it may properly be said,

that there was evidence introduced by the appellees which tended to establish every material fact alleged by them in the fourth paragraph of their answer. The legal effect of the appellant's demurrer to the appellees' evidence was such that all the facts of which there was any evidence, and all conclusions which could fairly and logically be deduced from those facts, were admitted by said demurrer. *Bulkeley* v. *Butler*, 2 B. & C. 434; *Lindley* v. *Kelley*, 42 Ind. 294; *Strough* v. *Gear*, 48 Ind. 100; and *Bailey* v. *Boyd*, *ante*, p. 292. If, therefore, the facts alleged in the fourth paragraph of the appellees' answer were sufficient to constitute a defence to the appellant's action, then it follows, from what we have said, that the appellant's demurrers, as well to the appellees' evidence as to the fourth paragraph of their answer, were each correctly overruled.

In our opinion, the facts stated in the fourth paragraph of the appellees' answer constituted a complete defence to the appellant's action. The case made by the facts alleged in this paragraph is very similar to the case of *Flower* v. *Marten*, 2 Myl. & C. 474. In that case, "a father, upon payment of the debts of his son, took a bond from the latter, and it was apparent, from all the circumstances, that the father did not intend it as an absolute security against his son, but in some sort as a check upon his future conduct, and that he did not intend, after his death, that it should be treated as a debt due from his son to his estate, or to be put in force against him, it was decreed that the bond should be delivered up by his executors to be cancelled." Story Eq. Jur., sec. 705 The doctrine of the case last cited was fully approved by this court in the cases of *Sherman* v. *Sherman*, 3 Ind. 337, and *Norman* v. *Norman*, 11 Ind. 288. In the case of *Fankboner* v. *Fankboner*, 20 Ind. 62, it was said, in substance, that, if notes were given merely as evidence of the amount of advancements, which were in

the nature of an absolute gift, not intended to be repaid, and the notes not intended to be paid, nor to perform any other office than to show the amount of the advancements, such facts would constitute a good defence to an action on the notes. The case of *Denman* v. *McMahin*, 37 Ind. 241, is not in conflict with the cases cited; on the contrary, it recognizes and approves of the law as stated in the case of *Sherman* v. *Sherman*, *supra*. In the case last cited, it was held, among other things, that the surrender of a note by the payee to the maker thereof was, *prima facie*, a satisfaction or release of the debt evidenced thereby, and that any act which discharged such note would also discharge a mortgage given to secure the payment of such note.

In the case at bar, it was averred, *inter alia*, in the fourth paragraph of appellees' answer, that, immediately after the execution of the note and mortgage in suit, the payee of said note, the appellant's ward, gave the amount thereby called for to her son, the appellee Francis Peabody, the maker of said note, as and for an advancement of that much of her estate to him, and at the same time placed the said note and mortgage in the appellees' possession, and that the said note had ever since remained in their possession.

We think that these averments brought this case fairly within the rules of law laid down in said case of *Sherman* v. *Sherman*, *supra*. Giving the appellant's demurrer to the evidence its full legal effect, and holding, as we must hold, that all the facts of which there was any evidence, and all the conclusions which could fairly and logically be deduced from those facts, were admitted by the appellant to be true, it is clear to our minds that the above recited averments of the fourth paragraph of the answer were fully sustained by the appellees' evidence.

Our conclusion is, therefore, that no error was committed by the court below, in this case, in overruling either the appellant's demurrer to the fourth paragraph

of the appellees' answer, or his demurrer to their evidence.

The judgment is affirmed, at the appellant's costs.