KERNODLE *v.* WILLIAMS.

———

L. L. KERNODLE v. J. J. WILLIAMS et al.

(Filed 23 November, 1910.)

1. Contracts, Written—Parol Evidence—Admissibility.

When the subject matter of a contract does not require that it be in writing, and it appears that it was partly written and partly oral, the oral part may be proved when the written part is in evidence, if the written part is not thereby varied, altered or contradicted.

2. Same—Parent and Child—Bonds—Payment Upon Contingency—Advancements.

The father sued his daughter and son-in-law to recover upon a bond given him by them in a certain sum due one day after date. *Held*, it was competent to show in defense by parol evidence that by a contemporaneous oral agreement, the defendants were to pay and did pay certain amounts upon the bond, and that the balance was only to be accounted for in settlement with the father's estate as an advancement, and that no actual payment thereof was to be made unless needed to pay debts of the estate. Such an agreement did not contradict the terms of the bond, and thereunder the full amount should be paid upon the happening of the contingency, *i. e.*, the necessity thereof to pay the debts of the estate.

MANNING, J., dissenting; BROWN, J., concurring in the dissenting opinion.

APPEAL by plaintiff from *W. J. Adams, J.,* at the April Term, 1910, of GUILFORD.

The facts are stated in the opinion of the court.

*Long & Long, King & Kimball* and *W. H. Carroll* for plaintiff.

*W. P. Bynum, John A. Barringer, J. S. Cook* and *Parker & Parker* for defendant.

CLARK, C. J.   This is an action brought by a father against his daughter and son-in-law to recover upon a certain bond for $915, dated 4 January, 1902, and due one day after date.   The defendants in their answer admitted the execution of the bond, and set up the further agreement made at the time, that the defendants would pay certain amounts upon the bond, which have since been paid, and that the balance thereof was to be accounted for in settlement with their father's estate, as an advancement, and that no part thereof was to be paid to his executor unless needed to pay debts of the estate.   There were 88 exceptions to the admission of evidence and to the charge, but they all present only one question, and that is whether it was competent to prove the cotemporaneous agreement set up in the answer.   While it is true that a cotemporaneous parol agreement is not competent to vary, alter, or contradict a written agreement, still when a contract is not required to be in writing, it may be partly written, and partly oral, and in such cases when the written contract is put in evidence, it is admissible to prove the oral part thereof. *Nissen v. Mining Co.,* 104 N. C., 310. This is not varying, altering, or contradicting the written instrument, but merely showing forth the entire contract that was made.   If the entire contract, as set up by the defendants, which the jury find to be true, had been made entirely in writing, or entirely oral, there would have been no difficulty in holding it valid.   For instance, a mortgage on its face is a conveyance of land, with a further clause providing for a condition upon which it is a nullity, or under which the land may be sold.   The latter part is not held to contradict the former, though in no event is the instrument really a conveyance.   So also, with a penal bond, which is generally in a large sum, with a condition annexed by which it is of no effect unless a certain event happens and even then, the obligor is usually called on to pay a much smaller sum.   There are many other instances which might be given of a like nature.

In the present case, the contract, as alleged by the defendants and found to be true by the jury, in its entirety, was that the plaintiff gave his daughter $500 absolutely, and took her note for the other $915, upon which certain payments were to be made (which are admitted to have been made) and the balance

was given conditionally that it was to be accounted for with the father's executor, *i. e.,* to be required only if needed for the payment of the debts of the estate. Such an agreement is not a contradiction of the terms of the bond, for the full amount would be paid, if necessary, upon the happening of the conditions stipulated for. Agreements of this nature have often been held valid.

In *Garner v. Taylor* (Tenn.), 58 S. W., 758, it is said: "It may be shown by parol that a note given by a child to a parent was intended by the parties to it as a memorandum or receipt, to show that the parent had advanced that amount to the child, and that it was the intention of the parent that it should never be collected. In some of the States—Maine, Massachusetts and Vermont, for instance—their statutes prescribe what evidence is prescribed to establish the fact of an advancement. In other States where there are no statutes like those in the States mentioned, it has been held that the declarations of the parent before, after, or at any time, of the transaction are admissible in evidence to show the intention to make advancements." That case cites many others. Among numerous other cases to the same effect are *Fankboner v. Fankboner,* 20 Ind., 62; *Peabody v. Peabody,* 59 Ind., 556; *Harris v. Harris,* 69 Ind., 181; *Baum v. Palmer,* 165 Ind., 513; *Boblett v. Barlow* (Ky.), 63 S. W., 145; *Marsh v. Chrown,* 104 Iowa, 556; *Dawson v. Macknet,* 42 N. J. Eq., 633.

In *Penniman v. Alexander,* 111 N. C., 427, it is said that it is competent for the maker of a promissory note "if sued on the note by the payees, to prove that there was a collateral agreement between him and them to the effect that he should not be required to pay except upon the happening of certain events, or that the note was without consideration." In *Evans v. Freeman,* 142 N. C., 61, it is said that if an agreement is partly in writing and partly oral, evidence is competent "for the purpose of establishing the unwritten part of the contract, or even of showing the collateral agreement made cotemporaneously with the execution of the writing." The Court adds that this has been repeatedly held by this Court, and "it has been adjudged competent to show by oral evidence a collateral agreement as to

how an instrument for the payment of money should, in fact, be paid, though the instrument is necessarily in writing, and the promise it contains is to pay so many dollars." To same purport, *Typewriter Co. v. Hardware Co.,* 143 N. C., 97.

In *Benton v. Martin,* 52 N. Y., 570, it was held that the annexing of conditions to the delivery of a note is not an oral contradiction of the written obligation (though this were negotiable) as between the parties to it or others having notice thereof. This rule was reiterated in *Higgins v. Ridgeway,* 153 N. Y., 130. Both these cases were cited, with a restatement of the same proposition, and approved, in *Andrews v. Hess,* 20 Hun. (1897), 199. In *Fennell v. Henry,* 70 Ala., 484; 45 Am. St., 91, it was held that when a father delivered certain slaves to his daughter and took from her a note bearing interest, for their estimated value, it was competent to receive parol evidence to show that the slaves were intended as an advancement. Indeed the cases in support of the above proposition are numerous.

This principle is of most frequent application, in cases like the present. In *Brook v. Lattimer,* 44 Kan., 431; 21 Am. St., 292, it was held "an absolute promise in the form of a note to pay a certain sum of money, given by a child to a parent, may be shown by parol evidence to be intended between the parties to it as a mere receipt or memorandum to show that the parent has made an advancemnt of that amount to his child, and that it was the intention óf the parent that it should never be collected. The subject is thus summed up by Browne on Parol Ev., 252, who, quoting the last named case and many others, says, that parol evidence is competent between the original parties to show that the consideration was illegal, or to show the real consideration and purpose, or to show that it was fraudulent, or to show an additional collateral consideration, giving many instances—among them the most common being to show that a note given by a child to a parent, though absolute in terms was by parol agreement to be deemed an advancement.

No error.

MANNING, J., dissenting. I regret that I cannot concur in the conclusion reached by a majority of the court in the dispo-

sition of this case. But for the importance of the question involved, I should be content to have my dissent noted. In my opinion, the conclusion of the court, followed to its legal logical result, destroys a principle approved by the wisdom of centuries. It would seem to be well and firmly established, whether as a principle of substantive law or as a mere rule of evidence is immaterial in the consideration of the question now presented, that evidence of a contemporaneous parol agreement is not admissible to vary, add to or contradict the terms of a written contract. In Clark on Contracts (2 Ed.), p. 85, the author says, and this has been quoted by this Court in several opinions: "Where a contract does not fall within the statute (of frauds), the parties may, at their option, put their agreement in writing, or may contract orally. In the latter case, although that which is written cannot be varied by parol evidence, yet the terms arranged orally may be proved by parol, in which case they supplement the writing, and the whole constitutes one entire contract." *Cobb v. Clegg,* 137 N. C., 153; *Evans v. Freeman,* 142 N. C., 61; *Woodson v. Beck,* 151 N. C., 144. In *Woodson v. Beck, supra,* we said: "The limitations, however, upon the application of this principle, recognized in all cases in which this principle has been applied, is that the oral collateral agreement, or that part of the agreement not reduced to writing, cannot be permitted to vary, add to or contradict the written agreement, 'but, leaving it in full force, as it has been expressed by the parties in the writing, the other part of the contract is permitted to be shown in order to round it out and present it in its completeness, the same as if all of it had been committed to writing." *Evans v. Freeman,* 142 N. C., 61."

In the present case the plaintiff sued upon the following bond:

$915.07.

One day after date we jointly promise to pay L. L. Kernodle nine hundred and fifteen dollars and seven cents value received. This January 4, 1902.

(Signed)    E. J. WILLIAMS,    (Seal.)
            J. J. WILLIAMS.    (Seal.)

The following credits appear on the bond and are admitted by the answer: 25 December, 1902, paid $27.84; 7 April, 1903, paid $27.06; 12 July, 1904, paid $25; 1 February, 1905, paid $25.00; 28 May, 1906, $100; 7 October, 1907, $144.29; 1 June, 1908, $28.50. The plaintiff alleged demand and refusal to pay before suit begun. The defendants, admitting execution of the bond and the credits above stated, rested their defense upon the following averment: "These defendants aver that at the time they executed and delivered to the plaintiff the bond or note sued on, there was a contemporaneous contract and agreement made and entered into by and between the plaintiff on the one hand and these defendants on the other, under the terms of which these defendants were to pay the note or bond sued on only from funds received by the *feme* defendant, E. J. Williams, from the estate of the plaintiff, who is the father of the said *feme* defendant, and these defendants plead this contract and agreement as a bar to the plaintiff's right to collect the said note or bond in this action." It was admitted at the trial that the bond sued upon was the balance of the purchase money of a tract of land which had theretofore been conveyed by the plaintiff to the *feme* defendant. It appeared that the entire purchase price was $1,950; that the defendant had, by payment made prior to the date of the bond, reduced it to $1,415.07; that plaintiff reduced the amount to $915.07 and advanced to his daughter $500 of the said balance due and took the bond of the defendant for the amount stated. To all the evidence offered by the defendants in support of their defense, the plaintiff objected and excepted to its admission by his Honor. This evidence tended to show that plaintiff did not intend to collect the principal of the bond, but that it should evidence the further amount advanced to his daughter to be accounted for by her in the settlement of his estate, and in explanation of the payments on the bond, the defendants were permitted to testify that as a part of the contemporaneous parol agreement they were to pay interest on the bond until the plaintiff was out of debt, when they were to pay no more, interest or principal, but the bond was to stand simply as evidence of the amount advanced by the father to his daughter and to be accounted for in the settlement

of his estate after his death. I do not think the evidence offered in support of the defense or in explanation of the payments on the bond was competent. The effect of it was to change an absolute promise to pay a specific sum of money into a mere receipt. In commenting upon evidence somewhat similar, this Court, in *Moffitt v. Maness,* 102 N. C., 457, said: "Here is a bond, containing an *absolute* promise to pay to the obligee a certain sum of money, and without the slightest suggestion of fraud, mistake or accident, either in the pleadings or testimony, it is proposed to show that it was not an *absolute* promise to pay a *definite* sum, but that it was agreed that it should cover whatever should be found due upon a settlement. It cannot, it seems to me, be doubted that the proposed testimony materially contradicts and varies the terms of the writing." So in the present case, here is a bond, importing consideration by its seal and admittedly executed for a valuable consideration, to-wit, the balance of the purchase money of land, containing an absolute promise to pay the obligee a definite sum of money at a specified time, and the obligors are permitted to show that by a parol contemporaneous promise of the obligee, they were to pay nothing, at no time or to any person, but that it was the mere written evidence of the amount advanced to the *feme* obligor, to be accounted for after the death of the obligee in the settlement of his estate between her brothers and herself, and that the plaintiff by devolution of his estate by descent to the *feme* defendant should provide her with the means to make good the note. Can it be doubted that the entire character of the writing is changed and changed in every particular? Can it be doubted that an absolute promise to pay a definite sum is directly contradicted? And this, without the slightest suggestion of fraud, mistake or accident in the pleadings or in the evidence. By this parol promise of the *obligee,* sought to be enforced against him and unsupported by any consideration moving from the obligors, a bond, based upon a valuable consideration moving from the obligee, is converted into a mere receipt, and nothing of the writing remains; not its promise, nor the payment of a definite sum, nor to a certain obligee, nor at a fixed time. I quote again

from *Moffitt v. Maness, supra,* the following words: "There is we fear, too great a tendency to relax the well-settled rules of evidence against the admissibility of parol testimony, to contradict, vary or add to the terms of a written contract, and it is thought that the courts, in their anxiety to avoid probable injustice in particular cases, are gradually construing away a principle which has always been considered one of the greatest barriers against fraud and perjury." In *Russell v. Smith,* 115 Iowa, 261, the Court held: "In partition of land between heirs, evidence that a note given by one of the heirs to the decedent did not evidence a debt, but an advancement, was incompetent, as tending to contradict the terms of the note." In *Mason v. Mason,* 72 Iowa, 457, it was held: "A son purchased certain stock at a public sale held by his father and gave his note for the stock, upon the delivery of the same to him. In an action by the father on the note, the son sought to show that, at the time of the sale, his father told him that he might buy all the stock he wanted and give his note for it, and that he would hold the note simply as a receipt for so much money as advancement, and that the note was so given and received, it was held that this evidence was not admissible; under the ruling of *Dickson v. Harris,* 60 Iowa, 727, as the effect of it was to show that the note was intended for a receipt, and not that it was without consideration." In that case the Court further said: "It may be, if a parent should make an advancement to a child, and, after thus fully executing the gift, he should take a promissory note, the note would be void as being wholly without consideration. It would be a transaction independent of the gift, in that the gift was fully executed." The fact that a note sued upon was *without consideration* is undoubtedly a good defense between the parties to it and other holders, except *bona fide* purchasers for value without notice; and this is the principle upon which the better considered decisions are made to rest. Another exception to the rule excluding parol evidence is illustrated by several of the New York cases, and is applied where a note or draft is executed for accommodation and without consideration, the maker or drawer may, by parol, attach conditions to its *delivery,* and the admission of such oral conditions are not deemed violations of the

general rule, but exceptions to it. This principle was applied at
this term in the case of *Dunlap v. Willetts.* In *Andrews v. Hess,*
20 Hun. Appellate Div. Rep., 194, it is held: "This state of facts
brings the case fairly within the rule that the delivery of the
notes having been limited by the conditions upon which the
delivery was made, the performance of those conditions was
essential to the validity of the notes." In the case of *Burton v.
Martin,* 52 N. Y., 570, it was held that the annexing of condi-
tions to the delivery of a note is not an oral contradiction of the
written obligation, though the instrument be negotiable, as be-
tween the parties to it or others having notice thereof; and in
the case of *Higgins v. Ridgeway,* 153 N. Y., 130, which is the
latest decision involving a consideration of this question, the
rule as stated in the *Burton case* is reiterated and the precise
language of the latter case is adopted. We think the fair and
reasonable import of the defendant's evidence in this case is
that the delivery was simply to entice Burns to prove by somé
tangible evidence that he had made a sale for his company; that
there was practically no consideration for the notes, and that in
violation of the oral agreement they were diverted from their
true destination. In *Higgins v. Ridgeway,* 153 N. Y., 130, it is
held that "as between the original parties to a promissory note
and others having notice, a conditional delivery, as well as a
want of consideration, may be shown, and parol evidence that
the delivery was conditional and of the terms of the condition
is not open to the objection of varying or contradicting the
written contract." In *Burton v. Martin,* 52 N. Y., 374, the
Court said: "Instruments *not under seal* may be delivered to the
one to whom upon their face they are made payable, or who by
their terms is entitled to some interest or benefit under them,
upon conditions, the observance of which is essential to their
validity. And the annexing of such conditions to the delivery
is not an oral contradiction of the written obligation, though
negotiable, as between the parties to it, or others having notice.
It needs a delivery to make the obligation operative at all, and
the effect of the delivery and the extent of the operation of the
instrument may be limited by the conditions with which delivery
is made. And so also, as between the original parties and others

having notice, the want of consideration may be shown." It would seem, therefore, that under the doctrine illustrated by these cases, parol evidence is admissible to show (1) that the delivery was conditional, (2) want of consideration, (3) and this is restricted to instruments not under seal. In *Marsh v. Chown,* 73 N. W. (Iowa), 1046, it is held that where property is given as advancement and after the gift is completely executed, a note given thereafter is without consideration, and such want of consideration is a good defense. In the present case, the question of want of consideration is not presented, for it is admitted that the bond sued upon was given for a full and adequate consideration—the balance due on the land conveyed by the plaintiff to the *feme* defendant. In Indiana, the decisions of whose highest Court are cited as holding a different doctrine, it is held in *Denman v. McMahin, Admr.,* 37 Ind., 241: "The promise of a father to give up to his son certain notes executed by the latter to the former is a promise which natural love and affection is not a sufficient consideration to support. Nor can it be supported as an advancement of the sum for which the notes were taken from the son." And in *Fankboner v. Fankboner,* 20 Ind., 62, the Court said: "But if such defense (that the notes were intended only to show the amount advanced) can prevail, it must evidently be upon the ground that the notes were given without consideration; for if it be admitted that these notes were based upon a valuable consideration, it is clear that no parol evidence of a contemporaneous agreement or understanding could be introduced to destroy the legal effect." This case has been cited with approval many times by the Indiana Court, as late as *Baum v. Palmer* (1905), 76 N. W., 108. In *Denman v. McMahin,* 37 Ind., 241, it is further held that "when a father loans money to his son and takes his note for the same, his oral declaration that he will not collect the same, but let his son have it at his death, does not change the transaction into advancement which the father cannot recall." In *Wood Sons Co. v. Schaefer,* 173 Mass., 443, it is held that: "An agreement by the payee of a promissory note not to enforce the note according to its tenor, made at the time when the note is delivered, cannot be proved in an action upon the note." To the same effect *Barnett v. Barnett,* 83 Va.,

504; *Townes v. Lucas,* 13 Gratt., 705. In *Bank v Moore,* 138 N. C., 529, *Mr. Justice Hoke,* speaking for this Court, clearly and unequivocally expressed the same principle: "The only defense attempted amounts in substance to this: That though the defendant executed his note and received a valuable consideration for the same, there was an understanding and agreement at the time that payment should never be enforced or demanded. All the authorities are agreed that such defense is not open to the defendant." This case has been approved in *Mudge v. Varner,* 146 N. C., 147; *Rivenbark v. Teachey,* 150 N. C., 289; *Basnight v. Jobbing Co.,* 148 N. C., 350. In all the cases in which it has been held that it is competent to show by parol the conditions contemporaneously attached to the delivery of a written contract, it will be discovered, I think, that none of these written instruments were based upon a present consideration or that the maker executed them as evidence of an existing liability, but for accommodation of the payee and without consideration. But the facts of the present case do not bring this bond within either class. The principle upon which the doctrine of the admissibility of evidence of collateral oral agreements rests, as recognized by this Court, is thus stated in *Evans v. Freeman,* 142 N. C., 61, and quoted with approval in *Typewriter Co. v. Hardware Co.,* 143 N. C., 97: "It is competent to show by oral evidence a collateral agreement as to how an instrument for the payment of money should, in fact, be paid, though the instrument is necessarily in writing and the promise it contains is to pay so many dollars (citing several decisions of our Court). Numerous other cases have been decided by this Court in which the application of the same principle has been made to various combinations of facts, all tending, though, to the same general conclusion that such evidence is competent where it does not conflict with the written part of the agreement and tends to supply its complement or to prove some collateral agreement made at the same time." The evidence admitted in the present case over the objection of plaintiff, in my opinion, goes far beyond any case yet decided by this Court and of any other Court, except perhaps, *Brook v. Latimer,* 44 Kan., 431, and *Garner v. Taylor* (Tenn.), 585 S. W., 758. It is obvious that writing the contem-

poraneous oral promise of the plaintiff in the bond, the bond as a promise to pay money is entirely destroyed; it is varied and contradicted in every word, and the oral agreement is utterly inconsistent with its every term; it is, in fact, reduced to a mere receipt, though it is admitted that as a fact it was executed to evidence a debt due for the balance of the purchase price of a tract of land conveyed by the plaintiff to the *feme* defendant, and on which the defendants now live. It distinctly appears that the parties knew well the difference between a debt and an advancement, for the $500—difference between the total balance of $1,415.07 due on the land and the amount of the bond no note was taken, and that sum—$500—was an advancement in the value of the land—"an irrevocable gift in anticipation of the share of the heir in the estate"—and became the absolute property to that extent of the *feme* defendant. The cases are numerous in every jurisdiction in which the rule has been applied excluding parol evidence, the effect of which was to add to, vary or contradict the terms of the written contract, and I think that in the absence of allegations of fraud, mistake or accident, parol evidence will be heard when the suit is between the payee or holder with notice and the maker only when the note sued upon has been executed (1) without consideration, (2) and being without consideration, the obligor may attach, by parol, conditions to its delivery, which conditions it is competent for him to show, (3) that it is competent to show by parol how an instrument for the payment of money shall in fact be paid by the obligor. In *Penniman v. Alexander,* 111 N. C., 427, cited by the court, this Court said: "If he had done so, that is, had given to the plaintiff his promissory note for the amount of the order, it would have been competent for him, if sued on the note by the *payees,* to prove that there was a collateral agreement between him and them to the effect that he should not be required to pay except upon the happening of certain events, or that the note was without consideration." It may be said of that case that it goes further than any case in our reports in admitting the parol evidence offered. It goes further than the cases cited in that opinion of *Braswell v. Pope,* 82 N. C., 57, or *Kerchner v. McRae,* 80 N. C., 219. It is undoubtedly

true and is uniformly so held that it is competent to show by parol that the note sued upon is without consideration. But the evidence admitted and held by this Court in that case competent is thus stated: "The defendant proposed to show that his acceptance of paper was on condition that the drawer Mooney was building some houses for defendant where brick were used, and was building same by contract, payable in instalments as work progressed; that said Mooney abandoned work and gave up the contract before payments were due, and he never became indebted to said Mooney, and that he was to pay acceptance in case he became indebted to Mooney for said amounts." The acceptance by defendant of order of Mooney drawn in favor of the plaintiff was unconditional on its face. The only ground upon which I think this evidence could have been held competent was that as defendant was not bound to accept the order and as his acceptance was apparently without consideration, he had the right to annex, by parol, a condition to his acceptance and delivery of the accepted paper which would be good between him and the plaintiffs in whose favor it was drawn. This would harmonize the decision with the decisions already quoted from, but even then, I do not think it would sustain the decision in the present case. I cannot think it would have been held competent in that case for the defendant to prove that the parol agreement was that the plaintiffs—the payees—were to furnish the defendant—the payer—with the money to pay his own obligation to the payee, and unless they did, the order was never to be paid. Such is the effect of the evidence in the present case. I think, therefore, there was error in the rulings of the court, and the plaintiff was entitled to judgment as prayed.

JUSTICE BROWN concurs in this opinion.