L. L. KERNODLE v. JOHN D. KERNODLE AND WIFE.

(Filed 31 October, 1917.)

**Bills and Notes—Contracts—Parol Evidence.**

> The evidence tending to show that the bond sued on in this case, under a contemporaneous verbal agreement, was only to be accounted for as an advancement upon the death of the maker's father, provided sufficient funds were left for the purpose, was properly admitted by the trial judge under the authority of *Kernodle v. Williams*, 153 N. C., 475.

BROWN, J., dissenting.

APPEAL by plaintiff from *Kerr, J.*, at May Term, 1917, of ALAMANCE. This is an action on the following bond:

$1,866.

One day after date, we jointly promise to pay L. L. Kernodle $1,866 for value received. This 3 October, 1907.

(Signed)    J. D. KERNODLE.      (SEAL)<br>CORA H. KERNODLE.      (SEAL)

The defendants, in their answer, admitted the execution of the bond, and set up the defense that the bond was intended to answer the purpose of a memorandum of the amount stated therein, which was only to be accounted for by J. D. Kernodle as an advancement upon the death of his father, the plaintiff, provided sufficient funds should be left to him by his father for that purpose.

The evidence of the defendants in support of their defense was objected to by the plaintiff, and exception taken to its admission.

Both parties introduced evidence, and at the conclusion of the evidence his Honor held that the burden of proof was on the defendants, and that they were entitled to open and conclude the argument before the jury, to which plaintiff excepted.

There was a verdict and judgment for the defendants, and the plaintiff appealed.

*W. H. Carroll for plaintiff.*

*J. S. Cook, J. J. Henderson, S. M. Gattis, and Parker & Long for defendant.*

ALLEN, J. We have examined the full and complete brief of the learned counsel for the plaintiff, discussing the admissibility of parol evidence when a writing is in existence relating to the subject-matter, but we find the precise question presented by this record has been heretofore decided in favor of the defendants, and we rest our judgment on that decision.

In *Kernodle v. Williams,* 153 N. C., 475, the plaintiff was the same as in this case, and the defendants were a daughter and her husband, while in the present action they are a son and his wife.

The action was on a bond promising to pay money, and the defense that after the payment of certain amounts, which were paid, that the remainder of the bond was to be accounted for in a settlement of the father's estate as an advancement, and was not to paid unless needed for the payment of debts.

It was held that parol evidence was properly admitted to establish the defense, one of the head-notes being as follows: "The father sued his daughter and son-in-law to recover upon a bond given him by them in a certain sum due one day after date: *Held,* it was competent to show in defense by parol evidence that by a contemporaneous oral agreement the defendants were to pay and did pay certain amounts upon the bond, and that the balance was only to be accounted for in settlement with the father's estate as an advancement, and that no actual payment thereof was to be made unless needed to pay debts of the estate."

The order of argument before the jury is committed to the discretion of the trial judge, except when the defendant introduces no evidence, and his action is not reviewable. Rule 6, 164 N. C., 563.

No error.

BROWN, J., dissenting: I admit that the point presented by this appeal is identical with that presented in *Kernodle v. Williams,* 153 N. C., 475. My views are very fully and clearly presented in the dissenting opinion by *Justice Manning* in that case. I heartily concur with what is said by *Justice Shepherd* in *Moffett v. Maness,* 102 N. C., 457, that "There is too great a tendency to relax the well-settled rules of evidence against the admissibility of parol evidence to contradict, vary, or add to the terms of a written contract."