Nov. Term,
1858.

NORMAN
v.
NORMAN.

*Per Curiam.*—The judgment is affirmed with costs.

*O. S. Hamilton,* for the appellant.

---

### NORMAN *v.* NORMAN, Administratrix.*

Claim against a decedent's estate for the amount of a promissory note and a receipt. Answer, that the sums for which the note and receipt were given, were paid to the deceased, with the understanding and agreement that the sums were not to be repaid, but that they were to be retained as advancements on his interest in his father's estate, and that the instruments were given merely to show the amount of such advancements. No reply.

*Held,* 1. That the answer contained a material allegation of new matter, which (there being no reply) must be taken as true; and that the plaintiff could not complain that there was a trial without an issue.

2. That the defense was not bad for setting up a verbal, contemporaneous agreement, varying the terms of the note and receipt.

*Wednesday,*
*December 8.*

APPEAL from the *Wayne* Court of Common Pleas.

DAVISON, J.—*Phœbe Norman*, on the 12th of *July*, 1855, filed in the clerk's office of the Common Pleas the following:

"Estate of *Mallory Norman*, deceased, to *Phœbe Norman*, Dr.

"To amount of note and receipt, copies of which read thus:

"*January* 1, 1852. Two years after date, I promise to pay *Phœbe Norman* 500 dollars, without interest, for value received. [Signed] *Mallory Norman.*"

---

* A petition for a rehearing of this case, was filed on the 12th of *January*, and overruled on the 15th of *February*.

" *March* 17, 1851. Received of *Phœbe Norman* 303 dollars, without interest, on *William Norman's* estate, for value received. [Signed] *Mallory Norman.*"

At the *April* term, 1856, said administratrix appeared and answered. Her answer contained two paragraphs. As the first was withdrawn before the cause was submitted for trial, it will not be further noticed. The second alleges that, on the 30th of *November*, 1842, one *William Norman* made his last will and testament, a copy of which is filed with the answer, whereby he gave his property therein mentioned to said *Phœbe Norman*, his wife, for and during the period of her natural life, with remainder over to his heirs, naming them, one of whom was the said *Mallory Norman*, the son of said *William* and *Phœbe.* Defendant avers that, upon *William Norman's* death, she, *Phœbe*, took possession of all the property bequeathed by said will, and, during the life of *Mallory Norman*, paid him the moneys set forth in the complaint, as an advancement on his interest in said estate, and took the note and receipt therein described to show the amount he had received on that interest, with no intention of ever calling on him to refund the same, or any part thereof, but with the under-standing and agreement that the same should be an advancement, as before stated. Wherefore, defendant says that the estate of *Mallory Norman* does not owe the sums sued for, &c. To this defense there was no reply. Verdict for the defendant.

Motions for a new trial, and in arrest denied, and judgment rendered on the verdict.

There being no reply to the answer, it is insisted that there was, of course, a trial without an issue, and that the judgment was, therefore, erroneous. We are not inclined to adopt this conclusion; because, under the rules of procedure now in force, it is not clear that such a defect in the record can be at all assigned for error. The code, in effect, says that when the answer contains material allegations of new matter, the plaintiff may reply; but when he fails to reply, and the new matter set up in the answer, if

material, stands uncontroverted, it shall, for the purposes of the action, be taken as true. 2 R. S. pp. 42, 44, §§ 67, 74. Evidently, the answer before us contains material allegations of new matter. See *Mc Carty* v. *Roberts*, 8 Ind. R. 150. And there being no reply, they must be taken as true. It seems to follow that the plaintiff, having conceded the facts stated in the defense, has no right to complain that there was a trial without an issue. Still, however, the inquiry arises—does the answer constitute a valid bar to the action? If it does not, the plaintiff, though he has failed to reply, is entitled, under the motion in arrest, to a judgment on the pleadings. *Willey* v. *Strickland*, 8 Ind. R. 453.—*Bernard* v. *Haworth*, 9 *id*. 103.

The appellant insists that the defense is not effective, because it sets up a verbal, contemporaneous agreement, varying the terms of the note and receipt. There are various decisions to the effect that such an agreement is a nullity; but the decisions thus made, are applied to cases in which the verbal contemporaneous agreement relates to instruments conceded to be on a valid consideration, and operative. But here, the defense is that the note and receipt were not originally intended to be enforced; that they were given merely to show the amount which had been advanced to *Mallory Norman*, on his interest under the will of *William Norman*, deceased. Prior to the rules of pleading now in force, the case made by the defendant below would have entitled her, in equity, to a cancellation of the instruments in suit. *Sherman* v. *Sherman*, 3 Ind. R. 337, and cases there cited. And the result seems to be— there being now no distinct Court of equity—that the matter stated in the answer is well pleaded as an equitable defense to the action. Van Santv. Pl. 505, *et seq*. In our opinion—there being no reply—the answer must be taken as true. It is an available defense. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. M. Wilson* and *C. H. Burchenal*, for the appellant.

*N. H. Johnson*, for the appellee.