## HARRIS *v.* HARRIS.

PROMISSORY NOTE.— *Want of Consideration.—Pleading.*—To a complaint upon a promissory note, the defendant answered that he was a son of the plaintiff, who was a wealthy farmer ; that, prior to the execution of the note, the plaintiff gave the defendant two horses, worth not more than one hundred dollars, stating at the time that such horses were intended as an advancement ; that the defendant was then a minor, working on the plaintiff's farm as a member of the plaintiff's family ; that a few days after the plaintiff presented the note sued on for defendant's signature, representing to him that the note was never to be paid, but only to be held as evidence of the advancement ; that defendant, confiding in said representations and believing them to be true, signed the note and for no other purpose.

*Held,* that the allegations of the answer were sufficient to show that the note was executed without any good or valid consideration, and that it was error to sustain a demurrer thereto.

From the Miami Circuit Court.

*H. J. Shirk* and *J. Mitchell,* for appellant.

*J. L. Farrar* and *J. Farrar,* for appellee.

NIBLACK, J.—Complaint by Andrew J. Harris, against James Harris, on a promissory note for two hundred and fifty dollars, dated the 18th day of November, 1870 and payable on or before the 1st day of September, 1871.

The defendant answered that he was a son of the plaintiff, that some time prior to the execution of the note the plaintiff gave him two horses, stating at the time that such horses were intended as an advancement of a portion of the estate which would descend to him at the death of the plaintiff, that the plaintiff was at the time a wealthy farmer, worth twelve thousand dollars ; that he, the defendant, was then a minor, working on the plaintiff's farm as a member of the plaintiff's family ; that a few days thereafter the plaintiff presented the note sued on for his signature and asked him to sign the same, representing that the note was never to be paid, but only to be held by the plaintiff as evidence of such advancement ; that said horses were not worth more than one hundred dollars, and that

for that reason he refused to sign the note until assured by the plaintiff that it was never to be paid, but only to be held as evidence of an advancement, as above stated ; that confiding in said representations of the plaintiff, and believing them to be true, he signed the note and for no other purpose.

The plaintiff demurred to the answer, and the court sustained his demurrer. The defendant refusing to answer further, judgment was rendered against him for the amount of the note with interest.

The only error assigned is upon the decision of the court in sustaining the demurrer to the answer.

The objection urged to the answer here is that it attempted to set up a contemporaneous parol agreement varying the terms and legal effect of the note, in contravention of repeated decisions of this court that a written instrument can not be so varied.

Whatever may have been the intention of the pleader in that respect, we think the allegations of the answer amounted to a substantial attack upon the consideration of the note, and to an averment that the note was executed without any good or valid consideration, constituting a valid defence to the action.

This view of the answer is, in our opinion, fairly and fully sustained by the case of *Peabody* v. *Peabody*, 59 Ind. 556, and the authorities cited in that case. See particularly the case of *Norman* v. *Norman*, 11 Ind. 288.

An examination of these with other authorities have brought us to the conclusion that the court erred in sustaining the demurrer to the answer.

The judgment is reversed, with costs, and the cause remanded for further proceedings.