Bragg *v.* Stanford *et ux.*

No. 8951.

## BRAGG *v.* STANFORD ET UX.

HUSBAND AND WIFE.—*Fraudulent Conveyance.*—*Pleading and Proof.*—The proof must support the averments of a pleading, and in an action by a creditor of the husband to set aside a conveyance to the wife as fraudulent, it being alleged that she paid nothing and held the title as a volunteer, the action fails if she is shown to have paid a part of the price with her own money.

SAME.—*Instruction.*—*Evidence.*—*Possession and Ownership.*—In an action to subject property held by the wife to the payment of her husband's debts, it was not error to refuse to instruct, that when the husband is permitted by the wife to exercise control and ostensible ownership, and to hold himself out to the world as the real owner of her personal property, the law will in respect to creditors treat the property as his.

SAME.—*Personal Property.*—*Title.*—*Possession.*—*Presumption.*—The general creditor who has acquired no specific interest in a chattel, as by buying or taking a lien upon it, has no right, to the prejudice of the true owner, to deal with the one in possession on the presumption of his being the owner. Possession does not constitute or conclusively show the ownership of a chattel.

SAME.—*Preference of Creditors.*—The rule, that a failing debtor may prefer one creditor over another, applies to a husband indebted to his wife.

SAME.—*Promissory Note.*—*Consideration.*—*Evidence.*—*Gift and Advancement.*—When a father gives money to his daughter, intended as an advancement, and at the same time takes the promissory note of her husband for the amount, for the purpose of evidencing the advancement, parol evidence is admissible, in a suit to subject her real estate, in which said money was invested, to the payment of her husband's debts, to show the facts. The effect is to show that the note was given without consideration.

From the Hamilton Circuit Court.

*H. Dailey, W. N. Pickerill, A. F. Shirts, G. Shirts* and. *W. R. Fertig,* for appellant.

*J. Stafford, —— Boyd, D. Moss* and *R. R. Stephenson,* for appellees.

WOODS, J.—Complaint by the appellant to subject certain real estate, of which the appellee Mary Stanford held the title, to the payment of a judgment obtained by the appellant against the appellee Thomas Stanford.

The title had been in said Thomas at the time when the appellant had obtained her judgment, but was subject to the lien of a prior mortgage, which was afterwards foreclosed, and the land sold upon the decree to William Havens, who transferred his certificate of purchase to said Mary Stanford, to whom at the end of the year allowed for redemption from the sale the sheriff made the deed now brought into question.

The complaint contains no charge of fraud against Mrs. Stanford, nor knowledge of the alleged fraudulent purpose of her husband, but alleges that the money paid to Havens in consideration of the transfer to her of the sheriff's certificate of sale was the husband's money, and was so invested by him for the purpose of putting it beyond the reach of his creditors.

The verdict was for the defendants, and the only error assigned is the overruling of the motion of the appellant for a new trial.

The evidence shows beyond any reasonable doubt that Mrs. Stanford was not a mere volunteer in the transaction complained of, but that a material part, if not, indeed, the whole, of the price paid to Havens for the assignment of the certificate, was her money, and this being so the verdict is right, and ought not to be disturbed, even though it should appear that error had intervened in the record. There is, however, no error available to the appellant which could be deemed material, even if the evidence were less clear.

The appellees, called on behalf of the appellant, testified that within three or four years before the transfer of the cer-

tificate of sale to Mrs. Stanford, she received money of her father, which she entrusted to the hands of her husband, who employed it in buying and selling cattle and horses, kept on the land in question, where they lived, this being done upon an understanding between them that the stock so purchased belonged to the wife, or, at least, the proceeds thereof to the extent of keeping her money intact; but in this connection there was some evidence that the husband used his own and his wife's money promiscuously, without rendering any account or giving any note to the wife for her share, and that his agency for her, and her interest in the stock, were not known to the public.

The money derived from the sale of this stock was delivered by the husband to the wife as hers, for the purpose of enabling her to purchase, and she accordingly paid it to Havens as a part of the consideration for the transfer of, the certificate of sale. And upon the basis of this evidence, the appellant asked an instruction to the effect that when the husband is permitted by the wife to exercise control and ostensible ownership, and to hold himself out to the world as the real owner of her personal property, the law will, in respect to creditors, treat the property as his, "and will not permit the rights of creditors to be prejudiced by such secret lien or equity in favor of the wife."

This is stated too broadly, and is not the law. The general creditor, who has acquired no specific interest in the particular property, as by buying it, or taking a lien upon it, has no right, to the prejudice of the real owner, to deal with the one in possession on the presumption of his ownership. Possession does not constitute, and is by no means conclusive evidence of, ownership, as is illustrated by every conditional sale, contract of bailment, hiring. agency or the like, whereby the owner parts with possession, and yet retains the title to his property, as against all general creditors of the vendee, agent or bailee. *Reissner* v. *Oxley*, 80 Ind. 580. If, however, the doctrine of the instruction were conceded, it would hardly

be applicable, and could not affect the result in this case. If the husband became the owner of the property, then he was the debtor of his wife for the money received of her, and for the purpose of paying that debt, with interest, in preference to all others, had a right to use the proceeds of the sale of the property. *Brookville Nat. Bank* v. *Kimble*, 76 Ind. 195. It was therefore immaterial whose the property was, as in either view, the money became hers, and as such was paid to Havens.

The evidence further shows that for the purpose of obtaining the sum to be paid to Havens, Mrs. Stanford procured her father's promise to let her have $1,000, and sent her husband to bring it. He obtained the money and at the same time gave to the father his own note for the amount. Over the objection and exception of the appellant, the court permitted the appellees to give testimony tending to show that the sum so obtained was an advancement to Mrs. Stanford upon her interest in her father's estate, and that the note so given was not given for the money, but solely as an evidence of the advancement, and that it was afterwards so treated in the settlement of her father's estate; and the court accordingly instructed the jury that if the money was given by the father to the daughter as an advancement upon her share in his estate, and was not intended as a loan to the husband upon his note, the money became hers, and when paid to Havens was a payment by her.

The court committed no error in these particulars. The admission of the evidence was not in violation of the rule which forbids the introduction of parol evidence to contradict or vary the terms of a writing. It is competent, as respects the application of this rule, to show what the consideration of a written contract was, or that it had no consideration; and such was the effect of the evidence permitted in this instance. Once it was shown that the money obtained was a gift to the wife, it followed that the husband's note was without consideration, and could have served no purpose, unless to evidence the advancement. That such evi-

dence is admissible, see *Sherman* v. *Sherman*, 3 Ind. 337; *Norman* v. *Norman*, 11 Ind. 288; *Fankboner* v. *Fankboner*, 20 Ind. 62; *Beals* v. *Beals*, 20 Ind. 163; *Tillotson* v. *Race*, 22 N. Y. 122.

If there is any inconsistency, as counsel claim there is, between this instruction and another which the court gave at the instance of the appellant, it is because the latter was more favorable to the appellant than it ought to have been, for which, of course, the appellant could not complain. There is however no inconsistency in this respect between the instructions. The one asked by the appellant goes upon the hypothesis that the money obtained of the father was a loan to the husband upon his note of hand; and the other, that the money was a gift to the daughter, which constituted no consideration for the note. The legal conclusion deduced from one of these hypotheses, in respect to the issue to be determined, was necessarily the opposite of the deduction from the other, and it was not inconsistent to so instruct.

Judgment affirmed, with costs.