# Richmond.

## DARNE'S EX'OR v. LLOYD.

### JANUARY 27th, 1887.

### Absent, LEWIS, P.

1. ADVANCEMENT—*Depositions.*—An advancement is the gift, by anticipation, of the whole or part of what it is supposed a child will be entitled to on the death of the giver intestate.
2. IDEM—*Loan— Will—Case at bar.*—What in its inception was a loan, may be made subsequently by will or otherwise, an advancement, and the case here is an instance thereof.

Appeal from decree of circuit court of Fairfax county, rendered at its June term, 1884, in the cause of John R. Darne, executor of Robert Darne, deceased, plaintiff, against Lester Lloyd, defendant. The decree being adverse to plaintiff, he appealed.

Opinion states the case.

*H. W. Thomas* and *C. E. Stuart*, for the appellant.

*R. W. Moore*, for the appellee.

HINTON, J., delivered the opinion of the court.

The bill in this case was brought by John R. Darne, executor of Robert Darne, to set up and enforce against the defendant, Lester Lloyd, a bond of $950, dated April 13, 1858,

which has been lost or mislaid. To this bill the defendant, who was the son-in-law of Robert Darne, demurred. The practical question raised by the demurrer is whether or not the debt evidenced by the bond is to be treated as an advancement to Frances, the wife of said Lloyd, and the daughter of said Darne, or not.

The circuit court of Fairfax county sustained the demurrer and dismissed the bill, and it is clear that if the debt is to be regarded as an advancement, its action was right.

In the will of Robert Darne there occurs the following paragraph: "Since the execution of said deed, I have advanced to Lester Lloyd the sum of $950, and for which I had a deed of trust on a lot of land in Fairfax, which deed I have released to enable him to sell, but which amount is still due from the said Lloyd to me, and which I wish collected of him, and accounted for by him before he shall come into the distribution of my estate. My daughter, Louisa, the widow of Samuel Wrenn, is also indebted to me in the sum of $900, advanced to her upon marriage, also the sum of $55, evidenced by the bond of her late husband, Samuel Wrenn, which amount I wish collected and accounted for before they shall come into the distribution of my estate. My daughter, Martha, is also indebted to me in the sum of $300, which I advanced to her husband, Augustus Wrenn, and which is evidenced by his bond, which amount I wish collected and accounted for before she shall come into the distribution of my estate. When these amounts are collected my will is that the whole of my estate be equally divided between all of my children and their descendants, including the above-named three who are indebted to me, but if they still refuse to pay the same, then they are not to have any part thereof. My will is, that my daughter, Frances, the wife of Lester Lloyd, shall not be entitled to any part of my estate unless her husband, Lester Lloyd, shall account for the money he owes me as above stated."

And it is upon the construction to be given to this language that the decision of this case must turn.

It is insisted for the appellant that the debt was a loan, and not an advancement, and in support of this view numerous authorities have been cited to show that a loan, as this unquestionably was in its inception, does not fall within the legal definition of an advancement. Undoubtedly the true legal conception of an advancement is a giving, by anticipation, the whole or a part of what it is supposed a child will be entitled on the death of the party making it intestate. Bouvier's Law Dictionary, Vol. I, 76; *Clark* v. *Wilson*, 27 Md. 693; *Dilman* v. *Cox*, 23 Ind. 442; *Hanley* v. *Hanley*, Va. L. J., 1882. And it is equally clear that there is embraced in every definition of an advancement the idea that the parent has irrevocably parted from his title in the subject advanced. *Ison* v. *Ison*, 5 Rich. Eq. 19; *Miller's Appeal, 31 Penn. 338; *McCaw* v. *Blarrett*, 2 M. Ch. 91. If, therefore, Robert Darne had died intestate, this debt certainly could not have been treated as an advancement. But it is argued for the appellee that the word advance is used in the will in its technical sense, and that the effect of the provisions of the will bearing upon this point, taken as a whole, is not to exclude the idea that the debt is to be regarded as an advancement, but simply to give Lloyd the option of paying the debt and taking a share in the distribution of the estate, or of not paying the debt and surrendering his rights, whatever they might be, as 'a distributee; and to this construction, in view of the confident opinion of the majority of the court, I have yielded a reluctant assent.

That the testator knew the meaning of the terms hotch-pot and advancement, seems clear enough from the codicil to his will in which he bequeaths to his son, John Robert Darne, a claim against the United States, free from any claim on the part of my other heirs, or any person claiming by or through

them, and free from any demand on their part to have it brought into hotch-pot, and from the direction in the will that this debt should be collected of Lloyd *before* he should come into the distribution of his estate. When, therefore, he says my will is that my daughter, Frances, shall not be entitled to any part of my estate unless her husband, Lester Lloyd, shall account for the money he owes me, as above stated, he must be taken to mean either that Lloyd may hold the money and take none of his estate, or pay the money and share in the general distribution. Taking this as the true interpretation of the will, there is no difficulty in sustaining the opinion of the circuit court.

A testator can dispose of his estate by will just as effectually as he could by gift during his life, and if he pleases, turn a loan into an advancement, or, to speak more accurately, require that it may be treated as an advancement; and this the testator has done in effect in this case.

Our conclusion is that the decree of the circuit court of Fairfax must be affirmed.

DECREE AFFIRMED.