Higham *v.* Vanosdol *et al.*

No. 14,378.

## HIGHAM *v.* VANOSDOL ET AL.

ADVANCEMENT.—*Money Furnished and Land Conveyed by Father to Son.— Absence of Contemporaneous Agreement.—No Resulting Trust or Indebtedness Arises. — Presumption. — Burden of Proof.*—Where a father furnishes money to his son, and purchases land, and causes it to be conveyed to his son without any contemporaneous understanding or agreement concerning the repayment of the purchase-money, no resulting trust arises, nor does the son presumably become the debtor of his father. The presumption is that the amount paid was an advancement from the father to the son, and the burden of proof is upon the party who asserts that it is something else.

SAME.—*Conversion of into a Debt.—New Consideration Necessary.*—If a transaction between father and son amounts to an advancement at the time it takes place, it can not afterwards be converted into a debt without the intervention of some new consideration.

SAME.—*Money Paid by Father for Son.—What Necessary to Constitute it a Debt.*—It is not necessary that there should have been an agreement between the father and the son in order to constitute money paid by the former for the benefit of the latter an advancement, but in order that money so paid should constitute a debt, the contemporaneous facts and circumstances must make it appear that it was understood and intended at the time to be a debt.

SAME.—*Secret Intention of Father.—Not Sufficient to Create Indebtedness.—Presumption.—Creditors.*—A mere secret intention of the father, to treat the money paid as a debt, would not be effectual as against the son nor as against his creditors to overcome the presumption that it was to be an advancement.

From the Switzerland Circuit Court.

*C. A. Korbly, W. O. Ford* and *F. M. Griffith*, for appellant.

*A. C. Downey*, for appellees.

MITCHELL, J.—This is a controversy between the appellee Vanosdol, who recovered a judgment in the Switzerland Circuit Court against Thomas Higham for $3,250, on the 24th day of May, 1883, and the appellant John Higham, to whom Thomas Higham executed a mortgage on the same day to secure an alleged indebtedness of $5,730.

The appellant asserts that his mortgage, although executed on the same day, was prior in time, and hence a superior lien on the real estate therein described to the judgment in favor of the appellee, while the latter claims that the mortgage was executed and received with the intent to hinder, delay, and defraud him as a creditor of Thomas Higham, and that it is, therefore, void. There is no substantial dispute as to the facts.

Thomas Higham is the son of the appellant John Higham, and although of the age of forty years he has remained unmarried, at home with his father, assisting him actively in the management of a large and valuable estate and business. The appellant furnished money from time to time, with which real estate, amounting in value to $3,300, was purchased, the title to which was, with his consent, taken in the name of his son Thomas.

No account was ever made of the money furnished, nor was any note taken for it, nor does it appear that there was anything ever said, or that there was any understanding between father and son about the repayment of the money, or about paying for the land, or that Thomas Higham was to be paid for services rendered to his father. John Higham had other children, some of whom he had helped more, and some less, than the amount paid for land conveyed to Thomas.

Thomas Higham became involved in litigation with Vanosdol, and on the 22d day of May, 1883, a jury returned a verdict in favor of the latter against him in an action for enticing away Vanosdol's wife. While the motion for a new trial was pending, Thomas Higham executed the mortgage to his father, ostensibly to secure the purchase-price of the real estate which had theretofore been purchased and conveyed to the mortgagor. The amount of the debt was arrived at by aggregating the consideration recited in the several deeds. Nothing had ever been said about paying for the land until the day on which the mortgage was made.

John Higham, the appellant, testified that it never was his intention to give the land to his son Thomas, but it does not appear that he had ever told his son, or any one else, that he held the price paid for the land against him as a debt.

Taking all the evidence, and considering the relation existing between the parties, the court was fully justified in coming to the conclusion that the money furnished by the appellant to his son was intended at the time as an advancement, and that the purpose to treat it as a debt was not formed or entertained until the prospect of a judgment in favor of the appellee was imminent.

The case is that of a father who furnished money and purchased land and caused it to be conveyed to his son, without any contemporaneous understanding or agreement concerning repayment of the purchase-money. Under such circumstances no resulting trust arises, nor does the son presumably become the debtor of his father. The presumption is that the amount paid was an advancement from the father to the son, and the burden of proof is upon the party who asserts that it is something else. *Ruch* v. *Biery*, 110 Ind. 444, and cases cited. Thus, if a parent conveys land to a child from consideration of love and affection only, or pays the purchase-money of land conveyed by another to the child, the law presumes it an advancement, but not conclusively. *Miller's Appeal*, 40 Pa. St. 57 (80 Am. Dec. 555); *Jakolete* v. *Danielson*, 13 Atl. Rep. (N. J.) 850.

It is not necessary that there should have been an agreement between the father and the son, in order to constitute money paid by the former for the benefit of the latter an advancement, but in order that money so paid should constitute a debt, the contemporaneous facts and circumstances must make it appear that it was understood and intended at the time to be a debt. Resort must be had to the circumstances attending the transaction in order to determine its character. A mere secret intention, hidden away in the breast of the father, to treat the money paid as a debt, would

not be effectual as against the son, nor as against his creditors, to overcome the presumption that it was to be an advancement.

If a transaction between father and son amounts to an advancement at the time it takes place, it can not afterwards be converted into a debt without the intervention of some new consideration. *Harris* v. *Harris*, 69 Ind. 181; 1 Am. & Eng. Encyc. of Law, p. 223.

We do not at all doubt the proposition so ably maintained on the appellant's behalf, that a debtor in failing circumstances may prefer one creditor to another, even though the creditor be his father, and that he may convey or encumber his property to secure a *bona fide* debt, even though the effect of the conveyance or encumbrance is to deprive other creditors equally meritorious of the opportunity to obtain security for their claim. The proposition falls to the ground, however, in the present case for want of a debt upon which to support the encumbrance. The court doubtless found that there was no contemporaneous agreement or intention that the money furnished by John Higham to his son should be repaid, or that it should be treated as a debt, and that there was, hence, no consideration for the mortgage.

There was no error.

The judgment is affirmed, with costs.

Filed Sept. 17, 1890.