# BAUM v. PALMER.

[No. 20,523.   Filed November 28, 1905.]

1. TRIAL.—*Instructions.—Repeating Proposition in Every Instruction.*—Where the court has explicitly instructed on an issue in a cause, it is not necessary to mention such issue in other instructions on other issues in the case. p. 517.

2. SAME.—*Instructions.—Answers to Interrogatories.—Harmless Error.*—Where the answers to interrogatories show that the facts are against plaintiff on a certain issue, error in the giving of instructions on such issue is harmless. p. 518.

3. SAME.—*Instructions.—Burden of Proof.—Non est Factum.*—An instruction that defendant must make a *prima facie* case of the execution of a writing set up in his answer and denied in a

reply of *non est factum,* after which it was plaintiff's duty to show the nonexecution of such writing, after which the defendant could introduce evidence in chief to support its execution, is incorrect, but unless plaintiff's substantial rights were injured thereby, the error is harmless.   p. 518.

4.   TRIAL.—*Burden of Proof.—Non est Factum.—Evidence.—Introduction of.*—The party having the burden to prove the execution of a written instrument should introduce all of his evidence in chief on such question, after which his adversary should produce all of his, the party having the burden following with rebuttal evidence only, but the trial court may, in the interests of justice, permit evidence out of its regular order.   p. 519.

5.   BILLS AND NOTES.—*Consideration.—Advancements.*—Where a mother made an advancement to her son, such son to pay interest thereon so long as she desired, and later she released him from further payments of interest, at which time she required his note merely as evidence of such advancement, such note is without consideration.   p. 519.

6.   DESCENT AND DISTRIBUTION.—*Advancements.—Interest.*—The payment of interest, by agreement, on an advancement does not create the relation of debtor and creditor for such advancement.   p. 520.

7.   SAME. — *Advancements. — Bills and Notes.—Consideration.*— Where a mother advanced money to her son, such son to pay interest thereon so long as she desired, and later she released him from such payment of interest and took his note only as evidence of the advancement, such note did not change such advancement into a debt.   p. 521.

8.   BILLS AND NOTES.—*Presumption of Indebtedness.*—An ordinary note is presumed to show an indebtedness from the maker, but such presumption is disputable.   p. 521.

9.   SAME. — *Advancements. — Right to Convert Note to.* — The mother has the legal right to convert her son's note into an advancement.   p. 521.

10.   SAME.—*Advancements.—Contracts.*—A contract executed by a mother to her son, showing that the note which he owed her was to be held by her only as an evidence of an advancement, is valid and is a complete defense against the collection of such note.   p. 522.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by Louisa Baum against George W. Palmer. From a judgment for defendant, plaintiff appeals. Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

Baum *v.* Palmer—165 Ind. 513.

*McConnell & Fickle,* for appellant.

*Kistler & Kistler* and *McConnell, Jenkines, Jenkines & Stuart,* for appellee.

JORDAN, J.—Appellant sued appellee on a promissory note whereby, as alleged in the complaint, he, on February 1, 1892, promised to pay, one year after date, to Fennetta Palmer, of Logansport, Indiana, at the State National Bank of said city, $1,000, with interest at seven per cent per annum and attorneys' fees. The complaint further avers that after the execution of the note in suit Fennetta Palmer died testate at Cass county, Indiana, and that plaintiff, appellant herein, and Rose J. Barnett are sole legatees and devisees under the will of said Fennetta. It is further alleged that plaintiff was administrator of the estate of said deceased, and that the same has been fully settled, and that in the settlement thereof the note in suit was, for value received, transferred and assigned by the administrator to the plaintiff and Rose J. Barnett. Subsequently the latter, in a settlement between herself and the plaintiff of the respective interests in the property which came to them from their mother, said Fennetta Palmer, the interest of said Rose in the note in suit was assigned and transferred to the plaintiff and she thereby became the sole owner and holder of said note, which is past due and wholly unpaid. Wherefore, judgment to the amount of $2,200 is demanded for principal, interest and attorneys' fees. A copy of the note and copies of the assignments mentioned in the complaint are filed with and made a part of that pleading.

The defendant, appellee herein, filed an answer to the complaint in four paragraphs: (1) General denial; (2) payment; (3) no consideration. The fourth paragraph of the answer avers substantially the following facts: That defendant is the son of Fennetta Palmer, the payee of the note in suit, the execution of which he admits, but alleges that it was executed under the following facts: Some time

in the year 1890 said Fennetta had money on hand for which she had no present use. She gave $1,000 thereof to defendant to be used by him, with the understanding at the time between them that said money should not be returned to her, but should be retained and accepted by the defendant as an advancement to him out of her estate. The defendant, by the understanding and agreement between them, was to pay his mother, Fennetta, interest on the $1,000 so long as she should desire that he pay her interest thereon. It is further alleged that defendant held the money, without giving any written evidence thereof, until February 1, 1892, on which date he executed to his said mother the promissory note set out in the complaint, and paid interest on said note at seven per cent until July 31, 1895, on which day it was mutually agreed in writing between him and his said mother, payee of the note, that interest thereon should cease from that date, and that the note itself should be held by her as evidence only of the fact that she had advanced to the defendant the sum of $1,000 out of her estate. The written agreement is incorporated in the fourth paragraph of the complaint and made a part thereof and is as follows: "July 31, 1895. Received of George W. Palmer the full amount of interest on the $1,000 note which I hold against him, dated February 1, 1892, up to August 1, 1895, and I hereby agree that the interest on said note shall cease from this date, and that the note itself is to be held by me as evidence only of an advancement to my son George of $1,000. [Signed] Fennetta Palmer." It is alleged that defendant then and there agreed to and accepted said writing and said $1,000 as an advancement and thereafter retained and held the same as an irrevocable advancement to him from the estate of his mother. Therefore, he demands judgment for costs.

Plaintiff unsuccessfully demurred to the second, third and fourth paragraphs of the answer. Defendant also filed

a cross-complaint, setting up the same facts alleged in the fourth paragraph of answer, and thereunder he demanded that the note in suit be canceled. Plaintiff replied to the answer in three paragraphs: (1) General denial; (2) denying, under oath, the execution by Fennetta Palmer of the instrument in writing set out in the fourth paragraph of the answer; (3) facts showing that defendant was estopped from interposing any defense to the note as against plaintiff. Plaintiff filed an answer to the cross-complaint. The cause being at issue was tried by a jury, which returned a general verdict for defendant, and along with the latter verdict the jurors returned answers to a number of interrogatories. Plaintiff's motion for a new trial was denied, and thereupon judgment was rendered that the plaintiff take nothing in the action, and that defendant recover costs. No judgment was rendered awarding defendant any affirmative relief on his cross-complaint, and, under these circumstances, that pleading and the rulings thereon by the court afford plaintiff no grounds for complaint.

Under the assignment of errors, appellant in the main urges for reversal the overruling of the demurrer to the fourth paragraph of answer and the giving of certain

1. instructions relative to the character and effect of the written instrument set up in the fourth paragraph of answer. In fact appellant's counsel assert that the main point in this appeal is the insufficiency of the written instrument in question. Counsel also criticise instructions numbered seven and nine, on the ground that they are faulty, because each of them ignores appellant's plea of estoppel. In regard to this insistence, however, it may be said that the trial court by its instructions fully advised the jury in respect to this plea, and hence it was not essential that the court should refer to the issue of estoppel in each and all of its other charges to the jury. *Atkinson* v. *Dailey* (1886), 107 Ind. 117, 118.

Again, upon another view, the jury upon evidence amply sufficient expressly found in their answers to interrogatories against appellant on her plea of estoppel.    Conse-

2.    quently she can not be said to have been harmed because the instructions in question ignored said issue.    *Putt* v. *Putt* (1897), 149 Ind. 30, and cases cited.

It is also claimed that instruction numbered twelve, given by the court at the request of defendant, is erroneous, for the reason that it charged that the effect of plaintiff's

.3.    plea of *non est factum* was to require the defendant to make a *prima facie* case of the execution of the written instrument set up in the fourth paragraph of the answer before it was entitled to be introduced in evidence; that after the making of such *prima facie* case it was then the right of the plaintiff to introduce evidence to show that the instrument in controversy had not been executed by Fennetta Palmer, after which defendant had the right to introduce evidence in rebuttal of the plaintiff's evidence given in respect to the execution of the instrument, and also to introduce further evidence in support of said execution. While the statement of the court in the instruction in question, to the effect that defendant under plaintiff's plea of *non est factum* was required to introduce evidence sufficient at least to make a *prima facie* case of the execution of the written instrument set up in the fourth paragraph of answer before such instrument was entitled to be introduced in evidence, was correct, still the statement, to the effect that after the plaintiff had introduced her evidence to show the nonexecution of the instrument the defendant then had the right to introduce further evidence in chief in support of its execution, was not a correct statement relative to the procedure upon the part of the defendant.    But it does not appear, however, that plaintiff was by the inaccuracy in the charge in any manner prejudiced in any of her substantial rights.

The correct rule recognized by the decisions of this court is that where the execution of a written instrument or paper is denied under oath, as in the case at bar, the party 4. relying thereon is not only required in the first instance to introduce evidence sufficient to make a *prima facie* case of its execution, and then be permitted to rest until his adversary has produced evidence going to prove that the instrument in question had not been executed, but he must in the first instance introduce in chief all of his evidence tending to prove the execution of the instrument in dispute, and the burden rests upon him throughout the trial to establish its execution by a fair preponderance of the evidence given upon that issue. *Fudge* v. *Marquell* (1905), 164 Ind. 447, and cases cited. After the adverse party has fully closed his evidence upon the issue of *non est factum,* then the party having the burden upon that issue may introduce evidence in rebuttal only, unless the court, in its discretion, for reasons sufficient, permits him to introduce additional evidence in chief.

Counsel for appellant argue that the fourth paragraph of answer is in all respects insufficient and that therefore the court erred in overruling the demurrer thereto. The insistence is that the written agreement alleged to have been executed by Fennetta Palmer, the payee of the note, can not operate to change the principal amount of the note in suit to an advancement to appellee. But the paragraph in question alleges facts which disclose that in 1890, by an understanding between appellee and Mrs. Palmer, 5. his mother, at the time the money in controversy was received by him, it was not to be returned to her, but was to be accepted and retained by him as an advancement out of her estate, he to pay interest thereon only so long as she might desire him to do so. He, as it appears, accepted the money as an advancement, but subsequently, on February 1, 1892, executed the note in suit as written

evidence of the transaction. He paid interest thereon until August 1, 1895, when it was agreed in writing between him and his mother that the payment of interest should cease and that the note itself should be retained by her only as evidence of the fact that she had advanced to him out of her estate the sum of $1,000. The facts alleged clearly show that the money was turned over to appellee in the first instance, not as a loan, but as an advancement by her to him, and as such he received and accepted the money. Aside from the written instrument set out in the answer, it is manifest from the other facts alleged, which are conceded by the demurrer to be true, that under the circumstances the note in suit was executed without consideration, and therefore appellee has a complete defense to the action. *Peabody* v. *Peabody* (1877), 59 Ind. 556; *Harris* v. *Harris* (1879), 69 Ind. 181; *Norman* v. *Norman* (1858), 11 Ind. 288; *Fankboner* v. *Fankboner* (1863), 20 Ind. 62; *Sherman* v. *Sherman* (1852), 3 Ind. 337; *Bragg* v. *Stanford* (1882), 82 Ind. 234.

If the $1,000 when turned over by Mrs. Palmer to appellee was by her intended as an advancement to him out of her estate, and was accepted by him as such, then the note thereafter executed by him to her for the money so advanced was without consideration, and could serve no purpose except as evidence of the advancement of the principal amount. *Bragg* v. *Stanford, supra.*

The fact that appellee agreed to pay interest on the money in question so long as his mother should require him to perform that obligation, and that he did pay interest thereon, as shown, does not, under the circumstances, sustain the contention of appellant that the relation of debtor and creditor, in respect to the principal sum, existed between appellee and his mother. *Ruch* v. *Biery* (1887), 110 Ind. 444; *Matter of Hicks* (1888), 14 N. Y. St. Rep. 320; *Doty* v. *Willson* (1872), 47 N. Y. 580.

It appearing from the facts alleged that the advancement of the money in controversy was completed at the time appellee received it in 1890, therefore his execution of the note in 1892, as shown, would not serve to change the advancement into a debt, in the absence of a new agreement between appellee and his mother, supported by some new consideration. *Higham* v. *Vanosdol* (1890), 125 Ind. 74; *Harris* v. *Harris, supra.*

It is true that the note in suit, standing alone, would authorize the presumption that it was evidence of an indebtedness of the payor to the payee, but this presumption is subject to rebuttal, and this certainly is the effect of the facts alleged in the answer. An advancement of money or other property from a parent to a child, as a general rule, is a question of intention upon the part of the parent. In order to constitute such an advancement the money or property must have been intended as such and not as a mere gift. *Woolery* v. *Woolery* (1868), 29 Ind. 249, 95 Am. Dec. 630; *Duling* v. *Johnson* (1869), 32 Ind. 155; *Ruch* v. *Biery, supra.*

Conceding for the sake of argument that the note in question represented an indebtedness of appellee to his mother, nevertheless appellant's contention, that the written agreement set out in the fourth paragraph of answer can not have the effect of changing such indebtedness into an advancement to appellee, can not be sustained. That Mrs. Palmer had the right during her life to change a debt which her son owed to her into an advancement to him out of her estate, and that such was the effect of the written instrument in controversy, is, in view of the authorities, certainly beyond dispute. See *Kirby's Appeal* (1885), 109 Pa. St. 41; *Darne's Executor* v. *Lloyd* (1887), 82 Va. 859, 5 S. E. 87, 3 Am. St. 123; *Fassett's Appeal* (1895), 167 Pa. St. 448, 31 Atl. 686; *Sprague* v. *Moore* (1902), 130 Mich. 92, 89 N. W. 712; *Garner* v. *Taylor* (1900), (Tenn.), 58 S. W. 758.

In *Kirby's Appeal, supra,* Jacob Murray died on February 17, 1883, intestate, leaving surviving him several children, among whom was his daughter Ann, who intermarried with Matthias Kirby. On April 1, 1882, the father took from his daughter Ann and Matthias Kirby, her husband, their note for $1,032.50. A short time before the death of the father he signed the following entry, written by a justice of the peace in a small book: "April 1, 1882. My daughter Ann and her husband, Matthias Kirby, Dr. to me in the sum of $1,032.50, which I advanced to them for which I hold their notes. Jacob Murray." The court in that case, in respect to the question of advancement, said: "Advancement is a question of intention. The evidence in this case to prove this was so intended is clearly sufficient. The father so declared his intention in writing, and subscribed his name to the declaration. He had an undoubted right to change a debt due from the appellant to him, to an advancement, if it had not been so understood before. *  *  * The written language used admits of one construction only. It establishes an intention to change the indebtedness to an advancement."

This decision is influential upon the question herein involved. It will be noted that by the instrument set up in the answer appellee's mother agreed that the interest on the note should cease, and then in express and positive language she declared "that the note itself is to be held by me as evidence only of an advancement to my son George of $1,000." This declaration, upon the theory that the note in the first instance represented a debt, is certainly sufficient to show that appellee's mother intended to change or convert the indebtedness of $1,000 into an advancement to her son, and that thereafter the note in controversy was to be held by her, not as an evidence of indebtedness, but only or merely as the evidence of the ad-

vancement. It follows that the fourth paragraph of answer is sufficient, and that the court did not err in overruling the demurrer thereto.

The conclusion which we have reached renders it unnecessary that we consider in detail certain instructions given and refused by the court, which bear upon and have relation to the same question as is presented by the fourth paragraph of answer. The evidence in the case fully sustains the verdict. All of the other alleged errors urged by appellant have been considered, but we discover nothing to justify a reversal.

The judgment is therefore affirmed.