CHANDLER *v.* GRIFFIN.

Opinion delivered March 27, 1922.

EVIDENCE—CONDITIONAL DELIVERY OF NOTE—PAROL EVIDENCE.—In an action on a note in which defendant set up the defense that plaintiff, defendant's father, conveyed land to her as an advancement, and took the note as a memorandum of the transaction and on condition that it should never be paid, the effect of such defense is that the note was given without consideration, and parol evidence was admissible to prove the defense.

Appeal from Searcy Chancery Court; *Ben F. Mc-Mahan,* Chancellor; reversed.

*D. T. Cotton,* for appellant.

The demurrer to the answer admitted its allegations to be true. 90 Ark. 158; 102 *Id.* 380; *Id.* 470; 104 *Id.* 466; 106 *Id.* 157; 94 *Id.* 505.

The rule of law against the introduction of parol evidence to vary or contradict the terms of a written instrument has no application to the state of facts alleged by this answer. There was an understanding between the parties as shown by the answer that there should be no binding contract at all until the death of appellee, and then the amount was to be deducted from appellant's share of his estate. 133 Ark. 105. Parol evidence was admissible. 76 Ark. 140; 128 U. S. 590; 153 U. S. 228; 44 Kan. 431; 21 Am. St. Rep. 292; 11 L. R. A. 805; 24 Pac. 946; 214 Fed. 973. The answer set up a good defense. 69 Ind. 181; 58 S. W. 758; 59 Ind. 556; 3 *Id.* 337; 11 *Id.* 288; 20 *Id.* 62; 82 *Id.* 234; 107 *Id.* 340. Parol evidence is admissible to show the purpose for which a note was executed where sued on by the payee. 85 Neb. 121; 91 Neb. 269. See also 112 Md. 648; 128 N. Y. S. 1078.

No brief filed for appellee.

HUMPHREYS, J. This is an appeal from a decree rendered in the Searcy Chancery Court in favor of appellee against appellants for $724.40. The suit was brought at law by appellee against appellants upon a

promissory note executed on the 15th day of March, 1915, by appellants to appellee for $500, due two years after date, bearing interest at the rate of ten per cent. per annum, and reciting that it was executed for value received.    Subsequently the cause was transferred to equity upon the alleged ground that the appellants had, and would interpose, an equitable defense to the note. After the transfer of the cause appellants filed an amended answer which (omitting formal parts) is as follows:

"They admit that on or about March 15, 1915, they executed to plaintiff the promissory note in controversy, amounting to $500, due twenty-four months after date with 10 per cent. interest on same, but that plaintiff fraudulently induced them to execute same.    That S. W. Chandler, one of the defendants herein, is a daughter of said plaintiff, R. D. C. Griffin; that he owned seventy acres of mountain land adjoining said defendants; that he represented to defendants that he desired to give them this said tract of land; that he had never given his daughter anything, and that he wanted to give her this, and they would never have to pay for same; that at his death said amount would be charged against her when his estate was wound up; that plaintiff said at this time that he had made advancements to his other children in this way and that he held their notes, and some of them for more than their part of the estate would amount to; and that he desired that defendants herein execute to him note for the above amount; he said that if they did not he was afraid that the other children would object; that he would execute them a warranty deed for said lands, and they would never have to pay it; that it was a gift to his daughter.    That said plaintiff did execute to them a warranty deed to said lands, and that on said representations of plaintiff they executed said note.    Plaintiff falsely and fraudulently made said representations for the purpose of having defendants execute to him said note; that they objected to signing

same, but, believing said representations to be true, they executed said note, and would not have done so other-wise."

Appellee filed a demurrer to the answer, which was sustained by the court, and, appellants electing to stand upon their amended answer, the decree complained of was rendered.

The sole question arising and to be determined on this appeal is whether the answer stated a defense to the cause of action. The trial court, in sustaining the demurrer to the answer, proceeded upon the theory that the alleged defense contravened the principle that written instruments cannot be varied by parol evidence. The defense set up in the answer amounted, in effect, to a plea of no consideration for the note. It was alleged therein that the land conveyed by appellee to his daughter, S. W. Chandler, one of the appellees, was intended as an advancement to her by her father, and that the note was in the nature of a memorandum evidencing the value of the land advanced to her. There is nothing in the face of the note indicating that it was given for the purchase price of the land. Nothing appears in the face of the note to connect it with the land. To make parol proof, therefore, that the note was without consideration will in nowise contravene the principle that parol evidence is inadmissible to vary or contradict the terms of a written contract. The rule announced in *Bragg* v. *Stanford,* 82 Ind. 234, is directly in point. It is as follows (quoting syllabus): "When a father gives money to his daughter, intended as an advancement, and at the same time takes the promissory note of her husband for the amount, for the purpose of evidencing the advancement, parol evidence is admissible, in a suit to subject her real estate, in which said money was invested, to the payment of her husband's debts, to show the facts. The effect is to show that the note was given without consideration."

For the error indicated, the decree is reversed and the cause remanded, with directions to overrule the demurrer.