FIGOLAH ET AL. *v.* FIGOLAH ET UX.

[No. 16,891. Filed May 8, 1942.]

*Freund & Pillard,* of Valparaiso, and *Harry Z. Perel, Bernard Perel,* and *Abraham H. Maller,* all of Chicago, Illinois, for appellants.

*Royal L. Lease,* of Valparaiso, for appellees.

CURTIS, J.—This was an action in the trial court by William Figolah and Jennie Figolah to cancel a mortgage in the sum of $3,500.00 given by the plaintiffs, William Figolah and Jennie Figolah, his wife, to Ernestine Elvira Therese Figolah, now deceased, who was the mother of William Figolah. The mortgage was dated April 18, 1931. The defendants were the executors under the last will and testament of the said Ernestine Elvira Therese Figolah, deceased, and the legatees named in said will.

The allegations of the complaint were substantially as follows:

That on the 12th day of March, 1931, the plaintiff, William Figolah, was indebted to Ernestine Elvira Therese Figolah, as evidenced by a certain promissory note in the sum of $9,552.00, signed by the plaintiffs, William Figolah and Jennie Figolah, his wife, on the 11th day of July, 1922, and secured by a real estate mortgage, by which the plaintiffs conveyed to the said Ernestine Elvira Therese Figolah certain real estate in Porter County, Indiana, described in said complaint; that said mortgage was recorded in the recorder's office

of Porter County, Indiana, in mortgage record No. 39, at page 343.

That the plaintiff, William Figolah, was the son of the said Ernestine Elvira Therese Figolah, and that on the 12th day of March, 1931, the said Ernestine Elvira Therese Figolah changed the mortgage debt into an advancement, and on the 12th day of March, 1931, executed a release, releasing said mortgage as fully paid and satisfied, and caused the release to be recorded in the recorder's office of Porter County, Indiana, in mortgage record No. 57, at page 199.

That on the 13th day of March, 1931, said Ernestine Elvira Therese Figolah executed her last will and testament in which appears the following paragraph:

"Third: My son, William Figolah, Jr., having had suitable advancements made to him during the lifetime of his father and myself, I do not give devise and bequeath him any share of my estate, considering in particular that the release of the mortgage held by me on certain farm land located near the Town of Valparaiso, Indiana, and the agreements made in reference thereto, to be a full and complete discharge of any right or interest he might be entitled to in my estate."

A complete copy of said will was attached to the complaint and marked Exhibit "A".

That the said Ernestine Elvira Therese Figolah died testate on the 28th day of March, 1938, a resident of Cook County, Illinois, and that her will was duly filed for probate in the Probate Court of Cook County, Illinois.

That on the 18th day of April, 1931, the plaintiffs, William Figolah and Jennie Figolah, his wife, executed and delivered to the said Ernestine Elvira Therese Figolah a certain mortgage of that date, by which they conveyed to the said Ernestine Elvira Therese

Figolah the real estate described in the complaint; that the mortgage was executed to secure the payment of a promissory note dated April 1, 1931, executed by plaintiffs, payable to the said Ernestine Elvira Therese Figolah, for the sum of $3,500.00 due _____, with interest at ___% per annum from date, and that said mortgage was recorded in the recorder's office of Porter County, Indiana, in mortgage record No. 56, at page 542.

That at the time said mortgage and note were executed, the plaintiffs were not indebted to the said mortgagee or to anyone in her behalf; that the mortgagee did not pay said sum of $3,500.00, or any part thereof to the plaintiffs, or to either of them, or to anyone on their behalf, and said mortgage was executed without any consideration whatever; that said Ernestine Elvira Therese Figolah was in ill health at the time said mortgage was executed and remained so until the date of her decease; that she did, on or about the _____ day of _____, 193___, and on divers occasions thereafter, request her son, Paul Figolah, to return said note and mortgage to the plaintiff, William Figolah, and to have the said mortgage released of record; that the said Paul Figolah neglected and failed to do so; that the mortgage still stands upon said record unsatisfied and is an apparent lien and cloud upon the title of said real estate.

The prayer of the complaint was that the mortgage be declared null and void and that the same be cancelled of record.

To the complaint the appellants filed their answer in two paragraphs, the first being a general denial and the second alleging in substance that the plaintiff, William Figolah, was, prior to the 12th day of March, 1931, indebted to Ernestine Elvira Therese Figolah in

the sum of $9,552.00, and that the debt was evidenced by the note of said plaintiff and secured by a mortgage upon the real estate described in plaintiffs' complaint; that the said William Figolah is the son of Ernestine Elvira Therese Figolah; that during March, 1931, the plaintiff, being so indebted at that time, the said Ernestine Elvira Therese Figolah desired to make an advancement to the said William Figolah in the sum of $6,052.00; that pursuant to said desire, for the purpose of effecting such advancement, the said Ernestine Elvira Therese Figolah did on the 12th day of March, 1931, release said mortgage, and thereafter took back from the plaintiffs a mortgage securing notes in the sum of $3,500.00, and the said Ernestine Elvira Therese Figolah did also execute her last will and testament on the 13th day of March, 1931, which last will and testament contained the provision quoted in plaintiffs' complaint; and that thereafter, the said Ernestine Elvira Therese Figolah died, and her last will and testament was duly admitted to probate in the Probate Court of Cook County, Illinois; that the defendants, Charles Figolah, Paul Figolah, and Emma Whitehead were duly appointed by the probate court as executors of said will, qualified as such, and are now so acting; that on the 1st day of April, 1931, the plaintiffs executed their note payable to Ernestine Elvira Therese Figolah for the principal sum of $3,500.00, and on the 18th day of April, 1931, to secure payment of said note, executed a mortgage on the real estate described in the plaintiffs' complaint, and caused the same to be recorded in the office of the recorder of Porter County, Indiana; that the said last will and testament of Ernestine Elvira Therese Figolah remains in full force; that the mortgage first above described in the answer, to secure payment of notes in the sum of $9,552.00, was released, and the second

above mortgage was executed, and the note thereby secured was executed by the plaintiffs in order to effect an advancement in the sum of $6,052.00 by said Ernestine Elvira Therese Figolah to the plaintiffs, and thereby an advancement was so effected; that by reason of the premises, the said second above described mortgage is a valid and subsisting lien upon the real estate therein and in plaintiffs' complaint described and constitutes an asset of the estate of the said Ernestine Elvira Therese Figolah, deceased, to which, these defendants, as executors of her will, are legally entitled.

To the second paragraph of answer, the appellees filed a reply in general denial.

The cause was submitted to the court for trial without the intervention of a jury, resulting in a finding and judgment for the appellees herein. In substance the finding of the court was that the allegations of the complaint were true and that on the 12th day of March, 1931, the plaintiff, William Figolah, was indebted to the deceased in the sum of $9,552.00, and that on said date the said deceased released said mortgage indebtedness and converted the same into an advancement; that the note and mortgage dated April 18th, 1931, were executed without consideration and are null and void and should be cancelled of record and that the plaintiffs were entitled to costs of the action. The judgment followed the finding. The appellants seasonably filed a motion for new trial which was overruled and this appeal has been prosecuted. The causes or grounds of said motion which are presented by the appellants are that the decision of the court is not sustained by sufficient evidence and is contrary to law. Other causes or grounds are stated in the motion for new trial but have been waived by the failure to present them in the appellants' brief. The

specifications or causes of the motion for new trial presented for review require an examination of the evidence which we have accordingly done. In our opinion, it amply sustains the finding of the trial court. The rule that this court will not weigh the evidence and substitute its judgment for the decision of the trial court where there is competent evidence to sustain the decision of the trial court is so well understood that the citation of authorities in support of it is not necessary.

We know of no reason, and the appellant has pointed to none, that would require this court to hold as a matter of law that the decision of the trial court was contrary to law. The deceased had a complete legal right to convert her son's indebtedness into an advancement if she so desired. The court upon the evidence found that she had so done and that there was no consideration for the mortgage in question. See *Baum* v. *Palmer* (1905), 165 Ind. 513, 76 N. E. 108.

No reversible error having been shown, the judgment is affirmed.

NOTE.—Reported in 41 N. E. (2d) 653.