PRESENT: Carrico, C.J., Compton,[1] Lacy, Hassell, Koontz, and
Kinser, JJ., and Stephenson, Senior Justice

WARREN B. O'BRIEN, EXECUTOR UNDER THE WILL
 OF FRANCES C. O'BRIEN, AND INDIVIDUALLY
                                        OPINION BY
                    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 990710                   March 3, 2000

JONATHAN A. O'BRIEN, ET AL.

            FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
                  F. Ward Harkrader, Jr., Judge

     In this appeal, we decide whether a provision in a will

converted a legatee's debt into an advancement.  We also review

the trial court's rulings regarding the payment of attorneys'

fees.

                                I

     Jonathan A. O'Brien and David S. O'Brien, as two of the

executors of the will of Frances C. O'Brien and also in their

individual capacities (the Complainants), filed a bill of

complaint against Warren B. O'Brien, as an executor under the

will and in his individual capacity.  The Complainants sought to

recover a judgment against their brother on a note he had

executed in favor of the testator, who was their mother, in the

amount of $459,141.30, plus interest, attorneys' fees, and

costs.  The Complainants asked the trial court to determine,

_____

[1] Justice Compton participated in the hearing and decision of
this case prior to the effective date of his retirement on
February 2, 2000.

"under the proper construction of the [w]ill," that Warren was indebted to the estate in the amount evidenced by the note. [2]

In his answer and cross-bill, Warren asserted that the Complainants had exceeded their authority as executors by filing suit against him.  Warren further asserted that the will instructed the co-executors to convert his debt into an advancement, thereby discharging his debt.  Additionally, Warren requested the court to rule that the Complainants' legal fees should be paid by them personally and not by the estate and that his own attorney's fees should be reimbursed to him out of the estate.

The trial court concluded that "the will speaks clearly" regarding the testator's intent, and, therefore, extrinsic evidence would not be considered.[3]  The trial court then rejected Warren's contentions and granted the Complainants' judgment on the note.  The court also ruled that the Complainants' attorneys' fees should be paid by the estate and that Warren was

---

[2] Originally, the Complainants had filed an action at law against Warren to recover a judgment on the note.  However, when Warren raised defenses involving the interpretation of the will, the trial court transferred the case to the chancery side of the court.  The Complainants then filed this bill of complaint in lieu of their motion for judgment.

[3] Neither party has assigned error to this ruling of the trial court.  We agree that the language of the will is clear and unambiguous; therefore, we will look to the four corners of the will to determine the testator's intent. Gaymon v. Gaymon, 258 Va. 225, 230, 519 S.E.2d 142, 144-45 (1999).

personally responsible for his own attorney's fees.  Warren appeals.

II

Frances C. O'Brien died testate on August 9, 1995, and her three sons were named co-executors of her will.  Through the years, Frances had made loans and gifts to each of her sons.[4]  At the time of his mother's death, Warren owed her $459,141.30. This debt was evidenced by a promissory note, dated March 31, 1995, and was the last in a series of notes that Warren had executed over a period of 12 years (the Final Note).

In Article I, Paragraphs D and F of her will, Frances left virtually all of her tangible personal property and all of the residue of her estate to her three sons in equal shares. Article I, Paragraph G of the will, the provision at issue in this appeal, provides the following:

> Notwithstanding any provision contained herein to the contrary, any bequest or legacy made under this Last Will and Testament to any of my children, or to their issue by representation, shall be proportionately reduced by any amounts which I have advanced to such child prior to my death, whether or not said amount has been documented by note or other similar document, and the amount of said advance shall be increased by the proportionate amount by which the consumer price index for Washington, D.C., average for all items for urban wage earners and clerical workers,

---

[4] David paid off his loans in the mid-1980's.  Jonathan had paid his loans down to $67,106.20 at the time of his mother's death, and he paid his outstanding debt by foregoing his share of the tangible personal property of his mother's estate, valued at $68,926.66.

issued by the Bureau of Labor and Statistics of the United States Department of Labor, has increased from the date of said advance to said child to the date of my death, averaged for any repayments made on such advance. It is the intent of this provision that each of my children shall inherit a proportionately fair share of my estate, taking into consideration the amounts which I have advanced to any or all of my children, and the resulting loss of use of those funds which I have had during the period of time of said advance.

### III

We have held that a loan may be converted into an advancement by a provision in a will. In Darne v. Lloyd, 82 Va. 859, 862, 5 S.E. 87, 88 (1887), we said that "[a] testator can dispose of his estate by will just as effectually as he could by gift during his life, and[,] if he pleases, turn a loan into an advancement, or, to speak more accurately, require that it may be treated as an advancement."

When a will requires that an advancement be deducted from a legacy, the donee of the advancement is not required to refund or surrender the excess of the advancement over the legacy. Instead, the donee loses his legacy, but retains the advancement. See McCoy v. McCoy, 105 Va. 829, 841, 54 S.E. 995, 999 (1906) (child receiving advancement from parent can only be excluded from participation in distribution of intestate estate and cannot be required to pay to estate any part of advancement).

### IV

4

In the present case, we determine whether Frances intended to convert the Final Note into an advancement. The trial court held that this was not Frances' intent, concluding that she intended "to make an equal distribution of her estate."  In reaching this conclusion, the court relied upon, and found to be "determinative," the second sentence in Article I, Paragraph G, which reads as follows:

> It is the intent of this provision that each of my children shall inherit a proportionately fair share of my estate, taking into consideration the amounts which I have advanced to any or all of my children, and the resulting loss of use of those funds which I have had during the period of time of said advance.

The trial court, however, did not address the language in the first sentence of Article I, Paragraph G, and, effectively, rendered that sentence meaningless.  The first sentence, in pertinent part, reads as follows:

> Notwithstanding any provision contained herein to the contrary, any bequest or legacy made under this Last Will and Testament to any of my children . . . shall be proportionately reduced by any amounts which I have advanced to such child prior to my death, whether or not said amount has been documented by note or other similar document.

Frances, in the first sentence of Article I, Paragraph G, directs, in clear and unambiguous language, that any legacy to a child shall be proportionately reduced by any amounts she had "advanced" to such child prior to her death, whether or not the amounts are documented by note or similar document.  Giving this

5

language its plain meaning, we hold that Warren's debt, evidenced by the Final Note, was converted into an advancement.

In the second sentence of Article I, Paragraph G, Frances did not state that she intended for each of her children to have an equal share of her estate; rather, she intended that each child receive a "proportionately fair share" of her estate. The terms "equal" and "fair" are not necessarily synonymous, and, in any event, the second sentence is an expression of general intent and is controlled by the more specific directives of the first sentence. See 2 Harrison on Wills and Administration § 263(3) (3rd ed. 1986).

V

Regarding the issue of the payment of attorneys' fees, Warren contends that the Complainants exceeded their authority as executors by filing suit against him. Therefore, according to Warren, the Complainants were not entitled to have their attorneys' fees paid by the estate, and the trial court erred in ruling to the contrary. We do not agree.

Personal representatives of an estate are obligated to collect the assets of the estate, which includes a duty to reduce the estate's claims to judgments. Isbell v. Flippen, 185 Va. 977, 981, 41 S.E.2d 31, 33 (1947). Additionally, it cannot be denied that, when provisions in a will may be susceptible of differing interpretations, it is prudent and proper for the

6

personal representatives to seek the aid and guidance of a court to obtain the correct interpretation.

In the present case, Warren was indebted to the estate, unless the will converted the debt into an advancement. This presented a question of law, which properly required a court decision. Therefore, we hold that the Complainants did not exceed their authority in instituting the suit against Warren. Thus, it follows that it was reasonably necessary for the Complainants to engage counsel to represent them in the suit, and, therefore, they are entitled to have their reasonable attorneys' fees paid by the estate.

We further hold that Warren, on the other hand, is not entitled to have his attorney's fees paid by the estate. The trial court correctly denied Warren's request because Warren's attorney's fees were incurred for his personal benefit and not to benefit the estate or to aid him in his duties as an executor.

### VI

In sum, we hold the following:

1. The testator, by Article I, Paragraph G of her will, converted the loan to Warren into an advancement.

2. If Warren's legacy exceeds the amount of the advancement, he shall be entitled to the excess; if, however,

the advancement exceeds the amount of his legacy, Warren is not required to pay the excess.

3. The Complainants are entitled to have their reasonable attorneys' fees paid by the estate.

4. Warren is not entitled to have his attorney's fees paid by the estate.

Accordingly, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.