AMMA RIVENBARK v. J. M. TEACHEY ET AL.

(Filed 17 March, 1909.)

1. Deeds and Conveyances—Compromise—Conditions Precedent—
   Parol Evidence.

   When, in an action to enforce specific performance of a con-
   tract to convey lands, the defense is that subsequently the parties
   agreed that the original contract was to be abandoned, condi-
   tioned upon the conveyance of a different tract, the party relying
   upon the compromise must show the fulfillment of the conditions
   therein in order to avail himself of the defense, and an offer to
   convey a less number of acres than agreed upon is insufficient.

2. Deeds and Conveyances—Surveys—Plats Attached—Written In-
   struments—Parol Evidence.

   When a written contract to convey certain lands is uncertain
   as to the number of acres, but has a plat attached as a part
   thereof, and referred to therein, giving the boundaries according
   to a survey made for the purpose, and there is no allegation or
   proof of fraud or mistake, parol evidence is incompetent to show
   that a less number of acres than that to be ascertained by the
   boundaries was intended, as such would have the effect of varying
   or contradicting the terms of the written instrument.

3. Same—Conditions Precedent—Compromise.

   When, in defense to an action for specific performance of a con-
   tract to convey lands, it is shown that the parties had agreed
   that upon the conveyance of a certain other tract of uncertain
   acreage the original contract sued on would be abandoned, and
   subsequently had a plat of the boundaries made and attached it
   to the written contract in evidence as a part thereof, the rights

150—19

of the parties are to be determined by the acreage included within the boundaries ascertained by the survey, and parol evidence is incompetent to show that a less number of acres was intended.

ACTION tried before *Lyon, J.,* and a jury, at November Term, 1908, of DUPLIN.

This action was brought to compel the specific performance of a contract, or option, for the conveyance of a one-half undivided interest in a tract of land containing 240 acres, and for damages for cutting timber on the land. The defendant J. M. Teachey agreed to convey the land to the plaintiff upon the tender of $1,500, the purchase price, within thirty days after 19 June, 1906, the date of the option. There was evidence tending to show that the plaintiff made the tender within the thirty days, but the defendant Teachey refused to deliver the deed, which had been executed and deposited in the Bank of Duplin. The defendant J. M. Teachey conveyed the land to the defendant J. J. Harper. Afterwards the parties agreed to compromise and settle their differences upon the terms that the defendants J. J. Harper and W. J. Teachey should convey to the plaintiff a straw thicket containing "about ten acres, more or less," which was a part of the land described in the option, and when this was done the option and the deed which had been deposited in the bank should be canceled. The defendants J. J. Harper and W. J. Teachey agreed, in writing, with the plaintiff that they would "convey at once (to the plaintiff) the 15 acres of land described in a plat made by W. J. Boney," which was annexed to the written agreement and made a part thereof. The survey of the land had been made by W. J. Boney, at the request and under the general direction of the defendants. The metes and bounds were described in the plat annexed to the agreement. The defendants executed a deed to the plaintiff and deposited it in the bank for him, but it did not convey all the land described in the plat, the defendants contending that they had agreed to convey only 15 acres, and they offered to show that they had agreed to convey only 15 acres, and not by the metes and bounds set out in the plat. This testimony was excluded by the court, and the defendants excepted. The plaintiffs contended that the defendants had not complied with their agree-

ment to convey the land described in the plat, and that therefore he was entitled to the specific performance of the original contract, or option, while the defendants contended that they had only agreed to convey 15 acres and had complied with this agreement, and that, by their tender of the deed, thereby the option was no longer of any force or effect. Evidence was introduced to sustain these contentions, but it is not necessary to state it in detail.

Issues were submitted to the jury, which, with the answers thereto, are as follows:

1. "Was the option, or agreement, of date 19 June, 1906, entered into between the parties, as alleged in the complaint?" Answer: "Yes."

2. "Did the plaintiff procure the option of 19 June, 1906, from J. M. Teachey by false representations?" Answer: "No."

3. "Did the plaintiff tender the $1,500, named in said option, within the time therein named, and demand deed for the land?" Answer: "Yes."

4. "Have the defendants refused and declined to accept the $1,500 and execute and deliver a deed for said land?" Answer: "Yes."

5. "Did the plaintiff abandon and release the option of 19 June, 1906, made by J. M. Teachey and wife to Amma Rivenbark?" Answer: "No."

6. "Have the defendants W. J. Teachey and J. J. Harper tendered a deed according to the contract of 20 December, 1906?" Answer: "No."

7. "What damage is plaintiff entitled to recover of defendants?" Answer: "Three hundred and fifty dollars."

8. "Was the plaintiff ready, willing and able, and is he still ready, willing and able to perform his part of said contract and pay the purchase money for said land?" Answer: "Yes."

Judgment was entered upon the verdict, and the defendants appealed.

*J. O. Carr, George R. Ward* and *Kerr & Garvin* for plaintiff. *Stevens, Beasley & Weeks* for defendants.

WALKER, J., after stating the case: The decision of this case, in a large measure, turns upon the fifth issue, for it must be

conceded that if the plaintiff had not abandoned or released the original contract he is entitled to recover. No issue was submitted to the effect that the contract of 20 December, 1906, was substituted for that of 19 June, 1906, nor was there any sufficient averment of that kind in the answer, nor does the former contract show on its face that it was made in substitution for the latter. The parties, after chaffering for some time, finally agreed to compromise and settle their differences, the defendants agreeing to convey certain lands, described by metes and bounds in a plat annexed to the written agreement, and said lands to contain 15 acres, and the plaintiff, on his part, agreeing to surrender and release all interest under the original contract, and to cancel the same, and the deed executed and deposited with the bank in pursuance thereof, when the deed for the land described in the agreement of 20 December, 1906, should be executed. The defendants actually undertook to perform the latter contract by executing a deed for the land, but failed to include in their deed all the land which, according to a proper legal construction, was agreed to be conveyed. The letter of the plaintiff (in the form of a contract), dated 7 August, 1906, and addressed to "A. L. McGowan, cashier," expressly states that the original contract which had been deposited with the bank should not be canceled "until the first deed above-mentioned is executed." The oral evidence also tends to show that the parties did not intend that the original option should be considered as annulled until the deed had been executed under the contract of 20 December, 1906. The parol testimony offered by the defendants was not admissible to show that they intended to convey only 15 acres by metes and bounds differing from those described in the plat, which was annexed to and made a part of the contract of 20 December, 1906. It would clearly contradict, or at least vary, the terms of that contract, and, in the absence of proper allegations and proof of fraud or mistake, would be in contravention of the rule of law excluding such testimony. *Bank v. Moore,* 138 N. C., 529; *Evans v. Freeman,* 142 N. C., 61; *Mudge v. Varner,* 146 N. C., 147. As said in *Collins v. Land Co.,* 128 N. C., 567, "It is the offer of sale by the plat, and the sale in accordance therewith, that is the material thing which determines the rights of the parties." A simple calculation, accord-

ing to the definite boundaries by courses and distances, as shown on the plat, would have determined the number of acres the tract of land contained. *Smathers v. Gilmer,* 126 N. C., 759.

It is evident that the parties were uncertain as to the number of acres embraced by the description of the tract of land intended to be conveyed to the plaintiff in lieu of that described in the option, and for that reason, caused the survey to be made in order to fix the boundaries of the land, without regard to the acreage. We cannot adopt the theory of the defendants, that they intended to sell and convey 15 acres of land which had not been located, for such a contract would have been void for uncertainty.

We have carefully examined the other exceptions, and find no error in the rulings of the court to which they were taken. The defendants have lost the cases, because they failed to comply with the terms of the compromise, but on the contrary violated the rights of the plaintiff, under the option, by cutting the timber on the land and thereby diminishing its value to the plaintiff.

No Error.