## 18434.  KING *v.* THE STATE.

1. The court did not err in overruling the demurrer to the indictment, which charged the accused with giving concerts, shows, and exhibitions, and charging admission therefor, without first paying to the tax-collector the special tax as required by law.

2. There being no allegation in the indictment that the defendant had failed to register with the ordinary as required by law, and there being no evidence of such fact, the same was not an issue to be determined by the jury, and the court's charge on this subject, being calculated to mislead the jury into believing that the defendant had violated this law, was harmful error.

3. The charge of the court, that paragraph 91 of the tax act of 1923 (Ga. L. Ex. Sess. 1923, p. 48) referred to "a place of business that is regarded or has the attributes of a permanent place," withdrew from the consideration of the jury the contention of the defendant that his show was taxable under that section, and thereby deprived him of his main defense.

4. The evidence failed to show that the defendant had violated any penal law, and the court erred in overruling the motion for a new trial.

DECIDED NOVEMBER 15, 1927.

Violating license-tax law; from Crisp superior court—Judge Crum.  August 6, 1927.

*Strozier & Gower,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J.  The indictment in this case charged that Jack King, in the county of Crisp, "did then and there unlawfully and with force and arms, being then and there owner, proprietor, and in charge of Jack King's Comedian Vaudeville Company, same being then and there a group, company, and troup of actors, actresses, and theatrical performers, give concerts, shows, and exhibitions, and charge an admission therefor, within the incorporate limits of the City of Cordele, Georgia, without first paying to the tax-collector of said county the special tax as required by law."  There were five other similar counts alleging different dates.  The defendant demurred to the indictment, the demurrer was overruled, and he excepted pendente lite.  Upon his conviction he filed a motion for a new trial, which was overruled.  In his bill of exceptions he assigns error on the exceptions pendente lite and on the judgment overruling his motion for a new trial.

Criminal Law, 16 C. J. p. 1041, n. 14; p. 1047, n. 65; p. 1178, n. 63; 17 C. J. p. 342, n. 97.

Licenses, 37 C. J. p. 267, n. 6.

The court did not err in overruling the demurrer to the indictment.

The controlling issue in the case is whether or not the defendant should have been taxed under paragraph 45 of the tax act of 1923 (Ga. L. Ex. Sess. 1923, p. 32), which is as follows: "Upon all concerts, shows and exhibitions charging an admission, not otherwise herein taxed, in or near cities of less than 5000 inhabitants, $25.00; in or near cities of more than 5000 and not more than 20,000, $50.00; in or near cities of more than 20,000 and not more than 50,000, $75.00; in or near cities of more than 50,000, $100.00 for each day," etc., or whether he should have been taxed under paragraph 91 of said act, which is as follows: "Upon each and every electric show or exhibition of moving pictures, or illustrated songs, except where given for educational purposes, and upon each place where *vaudeville performances* are given, whether with or without electric show or moving pictures, for each place of business in or near towns of less than 2000 inhabitants, $2.00 per month; in or near cities from 2000 to 5000 inhabitants, $2.00 per month; in or near cities from 5000 to 10,000 inhabitants, $7.00 per month," etc. (Italics ours.) In the motion for a new trial it is alleged that the court erred in charging the jury in part as follows: "Now, there is another provision of this law which provides that before one shall enter upon the conduct of any of the businesses upon which these special licenses or specific licenses or occupation taxes are laid, before he shall enter upon the conduct of such business, or engage in such occupation he must appear before the ordinary of the county in which he proposes to carry on such business or occupation, and with such ordinary register as one proposing to carry on such business. . . Any person failing to register with the ordinary, or having registered failing to pay the special tax as required by the Civil Code, shall be guilty of a misdemeanor, and on conviction shall be fined double the tax or imprisoned as prescribed in section 1065 of the Code of Georgia." The mere fact that this is a correct proposition of law does not necessarily justify the charge. True, a charge not applicable to the issue involved, if not harmful, would not require a new trial; but the charge in question was erroneous and harmful to the accused because it was not adapted to the facts and issues of the case, because there was

no allegation whatever in the indictment that the defendant had
failed to register as provided by law, because there was no evidence
whatever showing or tending to show that the defendant had failed
to register as required by law, and because the charge was cal-
culated to mislead the jury into believing that the defendant had
violated this provision of the law as to registering. The court
charged that either failing to register or failing to pay the tax was
a misdemeanor, and the jury would naturally conclude that the
court would not have charged on the subject of registering and
given them instructions as to the penalty for failing to do so if
such an issue were not before them for consideration. Not only
did the indictment fail to allege and the evidence fail to show
that the defendant had not registered, but the evidence tended to
show that the defendant had registered and tendered the same
license tax that he had paid for the same kind of show the previous
year, which tax he conceived to be the correct amount due. The
charge on a failure to register was unauthorized, misleading, and
harmful to the accused. *Culberson* v. *Alabama Construction Co.,*
127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas.
507) ; *Yopp* v. *State,* 131 *Ga.* 593 (62 S. E. 1036).

The court erred also in charging as set forth in the 7th special
ground of the motion, as follows: "You will observe that the tax
regulation, according to population, is upon each and every electric
show or exhibition, or moving pictures, or illustrated songs, except
where given 'for educational purposes, and that tax is also upon
each place where vaudeville performances are given, whether with
or without electric shows or moving pictures, and it is for each
place of business. Now the court is bound to construe that as
meaning a tax that is levied upon a place of business, a place of
business that is regarded or has the attributes of a permanent
place, such as a building or perhaps a tent, or any permanent
place of business having the attributes of permanency, and that
it is a tax to be levied upon persons conducting a place of busi-
ness, irrespective of the performance they may from time to time
carry on, performances of either electric shows, or exhibition of
moving pictures, or illustrated songs, or vaudeville performances."
This charge was error for the reason that it instructed the jury
that this tax applied to "a place of business that is regarded or
has the attributes of a permanent place." This is not necessarily

true. It may apply to permanent places, but there is nothing in the paragraph which limits its application to permanent places. Contrary to this theory, this paragraph fixes a monthly tax rather than a yearly tax, as provided in other portions of the act applicable to permanent places of business. It was error for the further reason that the defendant did not contend that he was operating a permanent business at this place, and this charge therefore excluded from the jury a consideration of the contention of the defendant that vaudeville shows, wherever operated in this State, were taxable only under the provisions of the paragraph referred to in this portion of the said charge, viz. paragraph 91 of the tax act (Ga. L. Ex. Sess. 1923, p. 48). This paragraph specifically fixes the tax on "vaudeville performances," and is the only paragraph that refers to vaudeville shows; and there was ample evidence to show that the performance sought to be taxed in the instant case was a vaudeville performance. In fact the State charged in the indictment that the defendant was operating "Jack King's Comedian *Vaudeville* Company." The section of the act (paragraph 45) under which the State insists the license should be paid makes no reference whatever to vaudeville shows, but on the contrary it excludes vaudeville shows, since it taxes only shows and exhibitions "not otherwise herein taxed," and vaudeville shows are otherwise taxed in paragraph 91 of the act. Furthermore, if vaudeville shows were taxed under paragraph 45, as insisted by the State, the tax for a town the size that Cordele is shown to be would be, in addition to the license imposed by the city, $1300 per month, or $15,600 per year, which might be construed as being prohibitive for a show such as the evidence shows this one to be; and statutes must be given a reasonable intendment and the constitutionality thereof upheld whenever possible. *Winter* v. *Jones,* 10 *Ga.* 190 (7) (54 Am. D. 379).

Because of the erroneous charges referred to, and since there was no criminal intent shown (the undisputed evidence showing a willingness on the part of the defendant to pay the only special tax that could be legally imposed upon him), the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*