### 19549.  WARD *v.* THE STATE.

DECIDED APRIL 9, 1929.

*Smith & Millican, I. N. Cheney,* for plaintiff in error.
*Emmett Smith, solicitor,* contra.

LUKE, J.  Ward was charged with violating the following part of
the motor-vehicle law (Ga. L. 1927, sec. 12 (d), p. 237; Park's Code
Supp. 1927, § 828 (uu-31, subsection d)) : "An operator of a vehicle
overtaking another vehicle going in the same direction, and desiring
to pass the same, shall pass to the left of the vehicle overtaken,
provided that the way ahead is clear of approaching traffic, but if
the way is not clear he shall not pass unless the width of the road

is sufficient to allow his vehicle to pass to the right of the centre thereof in the direction in which his vehicle is moving." After charging the foregoing law in the language of the statute, the court read to the jury the remainder of the foregoing section, which is as follows: "provided further, that no operator shall pass a vehicle from the rear at the top of a hill or on a curve where the view ahead is in any way obscured or while the vehicle is crossing an intersecting highway. An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right in order to allow free passage on the left of his vehicle." The defendant excepts to the court's giving in charge to the jury the last-quoted portion of the above section, on the ground that it was not authorized by the pleadings or the evidence, had no application to the case, and was confusing, misleading, and prejudical.

The following rule of law has been held applicable in a civil case: "Although instructions of the court to the jury may state the law correctly, in the abstract, yet if they are not authorized by the evidence in the case, they are erroneous, and, if it is not apparent that the jury could not have been misled by them, are cause for a new trial." *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507). In *King* v. *State,* 37 *Ga. App.* 334 (2) (140 S. E. 513), it was said: "There being no allegation in the indictment that the defendant had failed to register with the ordinary as required by law, and there being no evidence of such fact, the same was not an issue to be determined by the jury, and the court's charge on this subject, being calculated to mislead the jury into believing that the defendant had violated this law, was harmful." See also *Yopp* v. *State,* 131 *Ga.* 593 (62 S. E. 1036).

It is perfectly apparent that the excerpt complained of had no application to the issues raised by the information; and an examination of the brief of evidence discloses that it was not warranted by the evidence. Under these circumstances, and in view of sharp conflicts in the evidence, this court can not say that the jury could not have been misled by the charge.

The judgment in this case is reversed solely because of the error

572

in the charge of the court. Since the case is to be tried again, we make no comment upon the evidence adduced at the trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*